[No. 33562.   Department One.   June 7, 1956.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD TAFT, *Appellant.*[1]

[1]Reported in 297 P. (2d) 1116.

*James O. Ballou* and *Wesley W. Bergman,* for appellant.

*George W. Sibbald,* for respondent.

HAMLEY, C. J.—Donald Taft pleaded guilty to an information charging the crime of rape. Judgment and sentence were immediately entered. Fifteen days later, he filed a motion to vacate the judgment and sentence and to permit him to withdraw the plea of guilty. After hearing, the motion was denied.

Taft then instituted this appeal. He contends that several of his constitutional and statutory rights were denied to him at the arraignment, and that the trial court therefore abused its discretion in denying the requested relief.

First, appellant argues that it is a denial of a defendant's constitutional right to accept a plea of guilty which is not voluntarily, unequivocally, intelligently, and understandingly given, and that appellant's plea of guilty was not so given.

The constitutional principle upon which appellant relies is established in our decisions and is not disputed by respondent. The right of accused persons to trial by jury is expressly guaranteed by Art. I, § 22, of the state constitution, as amended by the tenth amendment. That right is denied where a plea of guilty is not voluntarily (*In re Pennington v. Smith,* 35 Wn. (2d) 267, 212 P. (2d) 811), unequivocally (*State v. Stacy,* 43 Wn. (2d) 358, 261 P. (2d) 400), intelligently, and understandingly made. *In re Burgess v. Cranor,* 39 Wn. (2d) 428, 235 P. (2d) 830.

As we said in *State v. Cimini,* 53 Wash. 268, 101 Pac. 891, in affirming an order denying leave to withdraw a plea of guilty,

" . . . If the appellant entered his plea without hope or fear, without improper influence or promise, with full knowledge of his legal and constitutional rights and of the consequences of his act, the ruling of the court below should be affirmed." (p. 271)

Whether, in this case, the plea of guilty was voluntarily, unequivocally, intelligently, and understandingly made, is a question of fact which the trial court resolved against appellant. That finding must stand unless it is contrary to the clear preponderance of the evidence.

The record shows as follows: On Saturday morning, October 8, 1955, a justice court complaint was issued, charging appellant with carnal knowledge of a fifteen-year-old girl on the previous day. He was immediately arrested at his home and taken to the office of the Cowlitz county sheriff. Late that afternoon, in the presence of the prosecuting attorney and a court reporter, appellant made a statement admitting that he had had sexual intercourse with the complaining witness. The facts, as related by him, would appear to at least present a jury question as to whether there was that degree of force and resistance which would be necessary to characterize the crime as rape.

After making this statement, Taft was held in the Cowlitz county jail over the weekend, while authorities conducted an investigation. During this period, appellant did not see an attorney or any friend or relative. At nine-fifty a. m., on the following Monday, an information was filed charging appellant with rape. During the next forty-two minutes, Taft was served with this information and arraigned, he pleaded guilty, and was adjudged guilty and sentenced to the penitentiary.

The entire proceedings, after the reading of the information, were as follows:

"THE COURT: Mr. Taft, you are now before the court for the entering of your plea to the charge of rape as set forth in the information just read to you. Before entering your plea, you are entitled to an attorney, if you desire to have an attorney. If you are not able to secure an attorney, the court will appoint an attorney for you. If you do desire an attorney, you are entitled to further time to plead and for the entering of your plea. Do you have an attorney? THE DEFENDANT: No, sir. THE COURT: Do you desire to have an attorney? THE DEFENDANT: No, sir. THE COURT: Are you ready at this time to enter a plea to the charge of rape? THE DEFENDANT: Yes, sir. THE COURT: What is your plea?

THE DEFENDANT: Guilty. THE COURT: Are you pleading guilty because you are guilty of the crime charged? THE DEFENDANT: Yes, sir. THE COURT: No promises or threats were made against you to induce you to plead guilty? THE DEFENDANT: No, sir. THE COURT: Your plea of guilty will be received. Have you anything to say why the court should not pronounce sentence on you? THE DEFENDANT: No, sir. THE COURT: On your plea of guilty, the court finds you are guilty of the crime of rape. As punishment, you will be sentenced to the state penitentiary at Walla Walla for a term not to exceed twenty years. The court is now signing the judgment and sentence just now pronounced on you and you will be remanded to the sheriff for execution of the sentence."

Neither at the arraignment nor before was appellant specifically told that a different and more serious charge had been filed against him. No effort was made to explain to him the difference between the crime of carnal knowledge and the crime of rape.

It is true that the term "rape" was used in appellant's presence several times by the authorities. He also used the term himself on at least one occasion in discussing the case. Appellant asserts, however, that he was then under the impression that the term "rape" included both nonforcible carnal knowledge of a female under the age of consent and sexual intercourse by force with any female. He stated that he had used the term, and understood others were using it in his case, in the first sense indicated above.

Appellant also stated that, in pleading guilty to "rape," he had had in mind only the circumstances described in his statement made after arrest. It was not, appellant said, until seven days after the arraignment that he learned from newly-employed counsel of the difference between the two crimes to which reference has been made.

Affidavits were filed by prosecuting officials to the effect that, in his conversations with them, and in his demeanor at the arraignment, there was no indication that appellant did not comprehend what was being said. In its memorandum opinion, the trial court stated that appellant answered the court's questions clearly, plainly, and intelligently, and

gave no slightest indication of doubt, misunderstanding, abnormality, or mental deficiency.

The evidence further shows, however, that appellant, who is nineteen years of age and married, has had only six years of schooling. He cannot read, and can write only his name. Tested by the Wechsler-Bellevue intelligence scale for adolescents and adults, he was shown to function slightly above high grade feeble-minded classification in verbal type thinking and in average range in performance type thinking.

In the opinion of a psychiatrist employed by appellant, the latter is incapable of functioning intelligently to comprehend a court arraignment proceeding without a considerable background of personal experience or a great deal of thoroughly explicit explanation. In the opinion of a clinical psychologist employed by the prosecution, Taft is emotionally unstable, highly suggestible, and easily influenced. He has, this expert found, an intellectual ability slightly below average, and is not mentally retarded to an extent requiring institutional care. It was the opinion of this expert, however, that the amount of explanation required for Taft to understand would not be significantly greater than that of an average person.

Much of the evidence summarized above substantiates appellant's assertion that he pleaded guilty under a misapprehension as to the essential elements of the crime of rape, and believed that nonforcible sexual intercourse with a female under the age of consent constituted that crime. None of the evidence clearly negatives this assertion. Moreover, there are special circumstances here which, aside from all other considerations, cast doubt upon the integrity of this plea. Appellant is a person of very limited mental capacity. He lacked the counsel and advice of relatives, friends, or an attorney. The new charge was filed, arraignment had, and plea received with exceptional speed. Appellant was not told the nature of the crime charged and how it differed from that for which he was originally arrested.

In reaching this conclusion, we have not lost sight of the

fact that the trial court saw and heard appellant at the time of his arraignment. That proceeding could not have taken more than five minutes. During that time, appellant spoke thirteen words. His brief and glib answers, "Yes, sir," "No, sir," and "Guilty," and his assured demeanor do not belie, but are entirely consistent with, appellant's assertion that he was acting under a misapprehension.

Appellant does not ask to be put on the street. He asks only for a jury trial. He has already admitted that he is guilty of the crime of carnal knowledge. His statement after arrest and his affidavit introduced at the hearing show that he may have a defense to the crime of rape. Respondent has admitted, for the sake of argument, that the record before us would not sustain a conviction of rape.

We therefore hold that the evidence clearly preponderates against the finding of the trial court that appellant understandingly pleaded guilty.

■■ Since appellant did not plead guilty understandingly he was, as shown above, denied a constitutional right. Where a defendant is denied a constitutional right in connection with his arraignment and plea, it is an abuse of discretion to deny a motion to withdraw the plea.

■ ■ Here, the application to withdraw the plea of guilty was made after judgment and sentence had been entered. This being the case, it can be considered only as an application to vacate a judgment pursuant to RCW 4.72.010. *State v. McKeen*, 186 Wash. 127, 56 P. (2d) 1026. Under that statute, a judgment may be vacated where it has been shown that there was irregularity in obtaining it. RCW 4.72.010 (3). In our view, the denial of a constitutional right or privilege in connection with an arraignment and plea is an irregularity within the meaning of this statute.

It is unnecessary for us to consider appellant's argument that the arraignment procedure was also violative of several other of his constitutional and statutory rights.

Reversed and remanded for proceedings consistent with this opinion.

SCHWELLENBACH, DONWORTH, FINLEY, and OTT, JJ., concur.