[No. 34502. Department Two. January 22, 1959.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE EDWARD
MYERS, *Appellant*.[1]

*Murray B. Guterson*, for appellant.

*Charles O. Carroll, Lawrence K. McDonell*, and *Anthony
Savage, Jr.*, for respondent.

FOSTER, J.—This appeal is from a conviction of murder in
the second degree. It is but fair to say that appellant was
represented at the trial by other court-appointed counsel,
and not by present counsel, who appears at our request.
We express to him our gratitude for the faithful discharge

[1]Reported in 334 P. (2d) 536.

of that obligation in the highest traditions of a noble profession.

No question arises as to the sufficiency of the evidence to sustain the conviction. Indeed, the appellant himself frankly and voluntarily declared on the witness stand that he struck the fatal blows which renders a detailed recitation of the gruesome facts unnecessary. It is sufficient to say that Sigurd Oliver, the deceased, a new-found friend, and the appellant engaged in a drinking bout and that, when the tavern closed for the night, Oliver procured a quantity of beer and pizza pie and invited the appellant to partake thereof in his car. Appellant testified that, upon entering the car, Oliver drove off and presently made homosexual advances to the appellant who instantly reached under the seat and procured some metal object, not particularly identified in the evidence, with which he struck Oliver a number of blows on the head. Although appellant, when apprehended, made statements to the prosecuting officials of the circumstances of the crime, he did not until ten minutes before the trial began disclose to them, nor even to his own counsel, the reason for his assault on Oliver.

The errors complained are only to the instructions of the court.

The first complaint made[2] is that instructions Nos. 6 and 7 were a comment on the evidence. In support of this assign-

---

[2]"The Court instructs the jury that the law presumes that every man intends the natural and probable consequences of his own acts. It is not necessary to establish intent by direct and positive evidence but intent may be established by inference and in the same way as any other fact by taking into consideration the acts of the parties and all the facts and circumstances of the case.

" 'Intent' is a mental condition or process and may be shown by direct proof or may be derived from and established by the attendant facts and circumstances as shown by the evidence. In determining the question of the intent of the defendant at the time of the killing herein alleged, if you find from the evidence that the defendant committed such killing, you may take into consideration the nature and character of the weapon or instrument used, if any; the manner in which such weapon or instrument was used, if at all; the acts and conduct of the defendant, together with all the other facts and circumstances shown by the evidence, and from

ment, the appellant cites a group of Federal cases.[3] Of course, these are not controlling in any event, and we find the arguments advanced in them unconvincing. It is sufficient to say that it is familiar law that there are no common-law offenses against the United States,[4] and that, in each of the crimes involved in the Federal cases cited, proof of a specific intent was necessary. The statute defining murder in the second degree (RCW 9.48.040), so far as material, is:

"The killing of a human being, unless it is excusable or justifiable, is murder in the second degree when—

"(1) Committed·with a design to effect the death of the person killed or of another, but without premeditation; or
. . . ."

■ Therefore, specific intent is not an essential element of murder in the second degree. Specific intent is a necessary ingredient of larceny, which was the crime charged in State v. Black, 163 Wash. 237, 1 P. (2d) 206, cited by appellant.

■ The specific objection to the instruction in question is that it was a comment upon the evidence, but we find this assignment without merit for our decisions are uniform that Art. IV, § 16, of the Washington constitution, which is:

"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."

means no more than that the court is prohibited from informing the jury, by either actions or words, of its own

all these, determine the intent of the defendant in this case." Instruction No. 6.

"If the defendant is shown by the evidence beyond a reasonable doubt, to have killed the deceased by an act, the natural and ordinary consequence of which would be to produce death, then it will be presumed that the death of the deceased was designed by the defendant, unless the facts and circumstances of the killing, or the evidence, creates a reasonable doubt whether the killing was done purposely." Instruction No. 7.

[3]Bloch v. United States, 221 F. (2d) 786; Wardlaw v. United States, 203 F. (2d) 884; Morissette v. United States, 342 U. S. 246, 96 L. Ed. 288, 72 S. Ct. 240.

[4]United States v. Britton, 108 U. S. 199, 27 L. Ed. 698, 2 S. Ct. 531; United States v. Coolidge, 1 Wheaton, 415, 14 U. S. 415 [14 U. S. 191], 4 L. Ed. 124; United States v. Hudson, 7 Cranch 32, 11 U. S. 32 [11 U. S. 21], 3 L. Ed. 259.

opinion upon any evidentiary matter. *State v. Rio*, 38 Wn. (2d) 446, 230 P. (2d) 308; *State v. Clayton*, 32 Wn. (2d) 571, 202 P. (2d) 922; *State v. Brown*, 19 Wn. (2d) 195, 142 P. (2d) 257.

The next assignment of error is the refusal of the court to give the appellant's requested instruction, the gist of which is contained in the following sentence:

". . . A person may act in the protection of himself upon circumstances as they reasonably and honestly appear to him at the moment and if he does act honestly and reasonably as the danger appears to him at the time under all the circumstances, the law will not hold him responsible, even though he was guilty of misjudgment and exaggeration of the danger as it actually was. . . . "

The substance was given in another instruction. This is sufficient. The court is not required to instruct in the language requested, but may rearrange the form. It is sufficient when the substance is covered by other instructions. *State v. Williams*, 49 Wn. (2d) 354, 301 P. (2d) 769; *State v. Fry*, 39 Wn. (2d) 8, 234 P. (2d) 531; *State v. Salle*, 34 Wn. (2d) 183, 208 P. (2d) 872.

The third assignment of error is that "The Court erred in giving manifestly inadequate instructions in connection with the included offense of manslaughter." No instruction, either given or refused, is set out. In fact, none is identified. Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953, provides:

". . . No error assigned to the inclusion, omission, sufficiency, or insufficiency of an instruction or instructions, given or not given, will be considered unless such instruction or instructions, as the case may be, shall be set out in the brief in full. . . . "

Misdirection may be error, but nondirection, in the absence of a request, is never error. Counsel forthrightly concedes that no instruction upon this subject was requested. Consequently, the assignment of error presents nothing for this court to review.

The judgment is affirmed.

WEAVER, C. J., HILL, DONWORTH, and ROSELLINI, JJ., concur.