[No. 43682.   En Banc.   August 21, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. DALE WILLIAM FAGALDE, *Appellant*.

*Albert J. Golden* and *James E. Barrett*, for appellant.

*Arthur R. Eggers, Prosecuting Attorney*, for respondent.

ROSELLINI, J.—The appellant was convicted of assault in the second degree. His appeal, involving a question of statutory interpretation, was transferred from the Court of Appeals to this court. His contention is that the superior court erroneously admitted testimony of the acting director and an employee of the Walla Walla Mental Health Center concerning statements which the appellant had made to them in the course of seeking their help in dealing with his emotional problems, over his objection that the statements were privileged communications.

The evidence showed that the appellant inflicted severe physical abuse upon the 3-year-old son of a woman with

whom he was living. The boy was taken to a hospital where it was discovered that his leg was broken.

Before this event occurred, the appellant had twice sought counseling at the mental health center, where he talked with a Dr. James Farnes. Dr. Farnes had earned the degree of doctor of psychology but was not licensed to practice as a psychologist under RCW 18.83. The appellant also talked with a therapist who was not a doctor or psychologist. Both of these witnesses testified concerning statements which he had made to them regarding his hostility toward the victim and his physical assaults upon the child. It is not questioned that the testimony was prejudicial.

The appellant contends this testimony was privileged under RCW 18.83.110 and RCW 69.54.070.

The respondent calls the court's attention to the fact that when the testimony was offered, the appellant claimed the doctor-patient privilege and did not cite the statutes relied upon in this court. Therefore, he argues, the appellant's contentions are not properly before us.

■ It is the general rule that in order to preserve error, counsel must call the alleged error to the court's attention at a time when the error can be corrected. While arguments against the admission of evidence should be advanced at the time the evidence is offered, a party is not necessarily precluded from raising the question on appeal if his counsel brought it to the court's attention on a motion for new trial. As the rule is stated in *Seattle v. Harclaon*, 56 Wn.2d 596, 354 P.2d 928 (1960), it is the duty of counsel to call to the court's attention, either during the trial or in a motion for a new trial, any error upon which appellate review may be predicated, in order to afford the court an opportunity to correct it. *See also* the cases cited in that opinion.

Here, the record shows that the applicability of the statutes in question was argued before the court upon a motion for a new trial; that the court studied the statutes and gave careful consideration to the arguments before ruling that

the privileges granted in those statutes did not apply in the case of the appellant. We have no doubt that, had it found the appellant's arguments meritorious, the court would have granted a new trial. The purpose of the rule requiring preservation of error in the lower court was therefore served.

Since we conclude that the appellant made a sufficient record before the trial court, we need not decide whether, as he contends, the doctrine announced in *Osborn v. Public Hosp. Dist. 1*, 80 Wn.2d 201, 492 P.2d 1025 (1972), should be applied in the circumstances of this case. Under that doctrine, the court may consider any statute applicable to the substantive issues before the trial court, even though the statute was not cited. *See also Maynard Inv. Co. v. Mc-Cann*, 77 Wn.2d 616, 465 P.2d 657 (1970).

We turn then to the merits. The testimony of the two witnesses from the Walla Walla Mental Health Center was given pursuant to RCW 26.44, which requires the reporting of incidents of child abuse and (under RCW 26.44.060) gives persons testifying in judicial proceedings resulting from reports made by them immunity from civil liability. It further states that the provisions of the chapter shall not be deemed violations of the patient-physician relationship or confidence.

The appellant does not suggest that employees of the mental health center were not subject to the reporting requirements of the act. His position is that they were required to report only matters learned from sources which did not involve a confidential relationship or from a patient who is an abused child. He contends that it was not the legislative intent to erode the confidentiality bestowed by RCW 18.83.110 upon statements made by clients to psychologists and that bestowed by RCW 69.54.070 upon statements made by persons submitting themselves for treatment under RCW 69.54.

RCW 18.83 provides for the licensing of psychologists. A licensed psychologist must have a doctoral degree with a

major in psychology and a year's experience practicing psychology under qualified supervision and must pass a prescribed examination. RCW 18.83.110 provides that confidential communications between a client and a psychologist shall be privileged against compulsory disclosure to the same extent and subject under the same conditions as confidential communications between attorney and client.[1] It was the opinion of the trial court that the provision guaranteeing confidentiality applies only where the client is interviewed by a licensed psychologist. Since neither the acting director of the mental health center nor the therapist was licensed, it concluded that the appellant was not protected.

RCW 69.54 is an act which, according to its declared purpose, deals with drug and alcohol rehabilitation, education and treatment centers. RCW 69.54.060 provides that any person 14 years of age or older may give consent for himself to the furnishing of treatment by an approved drug treatment center.

RCW 69.54.070 provides:

> When an individual submits himself for care, treatment, counseling, or rehabilitation to any organization, institution or corporation, public or private, approved pursuant to this chapter and RCW 71.24.020 and 71.24.030, or any person licensed or certified by the state whose principal function is the care, treatment, counseling or rehabilitation of alcohol abusers or users of narcotic or dangerous drugs, or the providing of medical, psychological or social counseling or treatment, notwithstanding any other provision of law, such individual is hereby guaranteed confidentiality. No such person, organization, institution or corporation or their agents acting in the scope and course of their duties, providing such care, treatment, counseling or rehabilitation shall

---

[1] It is puzzling that the statute relates the psychologist-client relationship to that of attorney and client, rather than that of physician and patient, which would appear to have a more logical relation. In any event, psychologists are expressly subjected to the requirement of RCW 26.44 (see RCW 26.44.020-.030) while attorneys, understandably, are not.

divulge nor shall they be required to provide any specific information concerning individuals being cared for, treated, counseled or rehabilitated, nor shall pharmacists or their agents provide such information when or if they become aware of or receive such information when requested to or for the purpose of providing products or performing services relevant to said care, treatment, counseling or rehabilitation. Should any person, organization, institution or corporation, or their agents, breach confidentiality as provided for in this section, such information and any product thereof shall not be admissible as evidence or be considered in any criminal proceeding. The fact of an individual of authorized age being cared for, treated, counseled or rehabilitated pursuant to this chapter and RCW 71.24.020 and 71.24.030 shall likewise be held confidential and shall not be admissible as evidence or be considered in any criminal proceeding.

Any confidentiality provided for by this section may be waived by the individual, provided such waiver is freely and voluntarily made, and with full prior information as to the consequences thereof.

RCW 71.24.020-.030, referred to in the above statute, are contained in the Community Mental Health Services Act. They define the terms used in the act and provide for grants to counties for services including mental health centers such as that to which the appellant applied for counseling. RCW 71.24 does not contain a provision comparable to RCW 18.83.110 or RCW 69.54.070, relating to confidentiality of communications.

The trial court held that, in spite of its reference to RCW 71.24.020-.030, RCW 69.54.070 was only intended to protect the confidentiality of communications made by persons seeking drug or alcohol treatment and rehabilitation, and that the act was not intended to extend protection to persons seeking help with other emotional or mental problems. It is conceded that the appellant did not visit the mental health center for help in regard to a drug or alcohol problem.

It was the conclusion of the trial court that the legislature had not, thus far, seen fit to give the protection of

confidentiality to those who seek help with mental or emotional problems from persons not licensed to practice either psychology or medicine. At the same time, the court recognized that the legislature had apparently authorized non-licensed persons to administer such help, when it provided for the establishment of mental health centers and did not require that they be staffed by licensed personnel.

The appellant does not claim that he has a common-law or constitutional privilege and recognizes that privileges attached to confidential communications are governed by statute. He maintains, however, that both RCW 69.54.070 and RCW 18.83.110 are broader in their scope than the trial court was willing to read them, and that he was protected under either or both. He recognizes the apparent conflict between these statutes and RCW 26.44, the child abuse reporting act, but suggests that the acts can be reconciled if the latter is held to require only the reporting of information learned from persons other than the parent who has inflicted the injury upon the child, if the parent is himself a patient or a client seeking help.

■■ The legislative scheme proposed by the appellant is not an irrational one. Certainly, the legislature, in RCW 71.24 and 18.83.110, has manifested an intent that persons with emotional problems of the kind suffered by the appellant should seek and receive help. It would seem that the legislature would be reluctant to discourage this by requiring disclosure of information given during counseling. However, we can find in RCW 26.44 no exception in favor of such persons.

Even confidential communications between doctor and patient are not protected where they relate to child abuse. RCW 5.60.060 provides, in part:

(4) [Witnesses—Competency—Who are disqualified—Privileged communications.] A regular physician or surgeon shall not, without the consent of his patient, be examined in a civil action as to any information acquired in attending such patient, which was necessary to enable him to prescribe or act for the patient, but this exception

shall not apply in any judicial proceeding regarding a child's injuries, neglect or sexual abuse, or the cause thereof.

It will be seen that this section is not restricted to the case where the injured child is a patient. In any proceeding regarding *a child's* injuries, the exception does not apply. Thus, the language covers the situation where the parent visits a psychiatrist and reveals that he has subjected his child to abuse.

This provision is in harmony with the child abuse reporting act, which requires that physicians (practitioners) and psychologists report incidents of child abuse which come to their attention, and that they include in the report

[a]ny other information which may be helpful in establishing the cause of the child's death, injury, or injuries and the identity of the perpetrator or perpetrators.

RCW 26.44.040(7). The provision in this act granting immunity from civil liability indicates that reports concerning statements made by the perpetrator are contemplated, even though they would otherwise be privileged.

Thus, we cannot accept the appellant's theory that confidential communications between the perpetrator and a psychologist, or a doctor, or a mental health center employee, are protected from disclosure and privileged in a judicial proceeding, according to the terms of the applicable statutes. Such protection might well be deemed to be in the public interest. But it is evident that, in its recent enactments, the legislature has attached greater importance to the reporting of incidents of child abuse and the prosecution of perpetrators than to counseling and treatment of persons whose mental or emotional problems cause them to inflict such abuse.

It is the duty of the court to reconcile apparently conflicting statutes and to give effect to each of them, if this can be achieved without distortion of the language used. *Publishers Forest Prods. Co. v. State*, 81 Wn.2d 814, 505 P.2d 453 (1973); 2A *Sutherland Statutory Construction* § 51.02 (4th ed. C. Sands 1973). These statutes can be recon-

ciled upon the following interpretation: The legislature has expressed an intent to protect the confidentiality of communications made in the physician-patient and psychologist-patient relationship, except where they relate to child abuse; and in this area the interest in discovery of cases of such abuse and in protecting the child from future recurrences is found to be overriding. Prosecution of the offender is contemplated as properly incidental to at least the latter purpose. The interest in encouraging the child abuser to seek treatment is subordinated to this aim.

The legislature has also expressed an intent to protect the confidences of persons seeking treatment for drug and alcohol problems and communications with respect to those problems, made to approved persons or organizations under RCW 69.54.070, cannot be revealed.

If the statutes are thus viewed, effect is given to all of their provisions. Of course, if the alcoholic who seeks treatment discloses that he has been abusing his child, the apparent conflict again emerges. Perhaps it can be resolved by interpreting the statutes to require reporting of the child abuse but forbidding disclosure of the drug or alcohol problem. The question, however, is not before the court at this time. As applied to the facts of this case, the statutes can be harmonized.

Without deciding whether the appellant is correct in his contention that the psychologist-client privilege can be claimed, even though the "psychologist" is not licensed,[2] and that RCW 69.54.070 protects disclosures made by persons other than those seeking help for drug and alcohol problems, we conclude that the trial court was correct in holding that the testimony of the witnesses in this case was not privileged.

The judgment is affirmed.

STAFFORD, C.J., and FINLEY, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.

---

[2] Upon the effect of the client's belief in the status of his attorney, see 8 J. Wigmore, *Evidence* § 2302 (McNaughton rev. 1961).