[No. 1607-3.  Division Three.  February 10, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. EUGENE S. THOMPSON, *Appellant*.

Stephen T. Osborne and Loney, Westland, Raekes, Rettig & Sonderman, for appellant (appointed counsel for appeal).

C. J. Rabideau, Prosecuting Attorney, and Dan F. Hultgrenn, Deputy, for respondent.

McINTURFF, J.—Eugene S. Thompson appeals from his conviction of grand larceny, RCW 9.54.010 and .090, and enhanced punishment as a recidivist, RCW 9.92.090. We affirm.

At trial on the grand larceny charge, the State introduced evidence of a prior South Dakota felony conviction for impeachment purposes. At the habitual criminal proceeding, the State introduced records of prior Washington, California, and South Dakota felony convictions to establish Mr. Thompson's recidivist status.

Mr. Thompson first argues the State must affirmatively show a defendant was represented by counsel at all critical stages in a prior felony conviction before that prior conviction may later be used against him for impeachment or in seeking enhanced punishment. He contends that prejudicial error was committed when the trial court allowed admission or reference to prior convictions in which he was not represented by counsel at all critical stages.

Quoting from State v. Paul, 8 Wn. App. 666, 508 P.2d 1033 (1973), at 667:

Hence, the rule now is that the use of prior convictions for the purpose of impeachment or enhancement of punishment shall not be allowed unless it shall appear upon the record that the defendant was afforded counsel at the

prior hearing or, in fact, made a valid waiver of counsel.[1]

In this case, records of prior felony convictions show on their face that Mr. Thompson was represented by attorneys Thomas F. Lynch, H. Garrott, and Robert Patterson in his Washington, California, and South Dakota convictions, respectively. These prior felony convictions were thus properly admissible for impeachment or enhanced punishment under the rule of *Burgett v. Texas*, 389 U.S. 109, 115, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967), as interpreted in *State v. Paul, supra.*

Mr. Thompson further argues that admission of South Dakota penitentiary records attached to the South Dakota judgment and sentence was inherently prejudicial to his defense at trial on the grand larceny charge. South Dakota penitentiary records in fact show three prior military charges and two prior civilian charges, all resulting in convictions and all silent upon the right to counsel.

A silent record on the right to counsel is constitutionally infirm and cannot be used to support guilt for another offense.[2] However, it is clear upon the record that these prior convictions were not disclosed to the jury at trial on the grand larceny charge. Because the infirm prior convictions were not disclosed, they could not be prejudicial in the grand larceny conviction.

South Dakota penitentiary records showing infirm prior convictions were not given to the jury until the later habitual criminal proceeding. The jury was then given three admissible and five inadmissible records of prior convictions while considering Mr. Thompson's recidivist status. But RCW 9.92.090[3] requires only two prior felony convic-

---

[1] *See Burgett v. Texas*, 389 U.S. 109, 115, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967); *State v. Alexander*, 10 Wn. App. 942, 945-46, 521 P.2d 57 (1974).

[2] *Burgett v. Texas*, 389 U.S. 109, 115, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967).

[3] RCW 9.92.090 states in pertinent part:

"Every person convicted in this state . . . of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would

tions to find recidivism in the present case. Because the jury had three admissible felony convictions, it cannot be said that the remaining inadmissible convictions were thus "inherently prejudicial" and used to "enhance punishment for another offense" within the rule of *Burgett v. Texas, supra* at 115.

As his second principal assignment of error, Mr. Thompson argues he was denied equal protection of the law in prosecution as a recidivist. Denial of equal protection is said to arise from an unequal and discriminatory application of RCW 9.92.090.

■ The applicable rules of law have been well discussed:

> The administration by state officers of a state statute which is fair on its face but which results in an unequal application of the law to citizens is not a denial of equal protection unless there is shown to be present an element of intentional or purposeful discrimination. A discriminatory purpose must be shown clearly by one claiming discrimination since such a purpose cannot be presumed.

*State v. Nixon*, 10 Wn. App. 355, 358, 517 P.2d 212 (1973).[4]

Testimony elicited by Mr. Thompson from the prosecuting attorney at the habitual criminal proceeding reflects the prosecutor's consideration of his ability to meet the proof required by statute,[5] the prior criminal record of the defendant, the severity of the present offense, criminal propensities of the defendant, and possibility of rehabilitation.[6] Such evidence fails to establish arbitrary, capricious, willful, intentional, or purposeful discrimination against Mr. Thompson or any class of which he is a member.

The argued denial of equal protection is without merit.

Judgment of the Superior Court is affirmed.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied March 16, 1977.

Review denied by Supreme Court July 27, 1977.

---

amount to a felony, . . . shall be punished by imprisonment in the state penitentiary for life."

[4]*See State v. Lee*, 87 Wn.2d 932, 558 P.2d 236 (1976).

[5]*See State v. Williams*, 9 Wn. App. 622, 625, 513 P.2d 854 (1973).

[6]*See State v. Nixon*, 10 Wn. App. 355, 357, 517 P.2d 212 (1973).