[No. 6187–44761–1.   Division One.   July 17, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. BENJAMIN MALONE, *Appellant.*

*Marston & Hodgins, Halleck H. Hodgins,* and *David L. Shorett,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney, David Boerner, Chief Deputy,* and *Marilyn Showalter, Deputy,* for respondent.

FARRIS, C.J.—Benjamin Malone appeals from judgment and sentence entered upon a jury verdict finding him guilty of second–degree rape, RCW 9.79.180, and a subsequent finding by the trial court that he is a habitual criminal as defined in RCW 9.92.090. We affirm.

Reversal of the rape conviction is first urged because the trial court removed the alleged victim's estranged husband from the courtroom during her testimony. The husband was advising defense counsel during the witness' testimony and the prosecutor's complaint that his presence inhibited testimony resulted in his removal. Malone argues that the court's action deprived him of his right to a public

trial. We disagree. The right of a criminal defendant to an "open hearing," *State ex rel. Superior Court v. Sperry,* 79 Wn.2d 69, 75, 483 P.2d 608 (1971), article 1, section 10 of the Washington State Constitution, is not denied by the exclusion here. The court has broad discretion in regulating the conduct of trial. *Talley v. Fournier,* 3 Wn. App. 808, 479 P.2d 96 (1970). This is not a situation in which one member of the public was arbitrarily excluded. *See Taylor v. Industrial Ins. Comm'n,* 120 Wash. 4, 6, 206 P. 973 (1922). The trial court, observing the conduct of an identified spectator, exercised its discretion in removing that spectator. We find no abuse of discretion.

█ Malone also argues that the rape conviction should be reversed because the trial court made a comment on the evidence in violation of article 4, section 16 of the Washington State Constitution when it instructed the jury that the alleged victim's testimony need not be corroborated to find Malone guilty of rape. Instruction No. 9 provides as follows:

> In order to convict the defendant of the crime of rape in any degree, it shall not be necessary that the testimony of the alleged victim be corroborated.

This instruction is a correct statement of the law in Washington, *State v. Jennen,* 58 Wn.2d 171, 361 P.2d 739 (1961), *State v. Thomas,* 9 Wn. App. 160, 510 P.2d 1137 (1973), and was pertinent to the issues presented. Its phrasing does not convey an opinion of the alleged victim's credibility. It is not a comment on the evidence. *See State v. Louie,* 68 Wn.2d 304, 413 P.2d 7 (1966).

█ Malone also argues that instruction No. 9 is "negative" and, thus, should not have been given. No authority is cited for this argument and it does not appear meritorious on its face. It need not be considered. *See Gattavara v. Scheumann,* 51 Wn.2d 55, 315 P.2d 649 (1957). In any event, it is the duty of the court to instruct the jury on pertinent legal issues. Whether the alleged victim's testimony required corroboration was an issue raised by the cir-

cumstances of the case. It was not error to give the instruction.

Malone attacks the determination that he is a habitual criminal as defined by RCW 9.92.090 on four grounds: (1) as applied, the statute deprives him of equal protection of the law which, in effect, constitutes cruel and unusual punishment; (2) the written standards by which the King County prosecuting attorney determined him to be a habitual criminal are an impermissible usurpation of the legislative prerogative and are, therefore, unconstitutional; (3) admitting into evidence a judgment and sentence upon a plea of guilty without first establishing a knowing and voluntary plea was improper; and (4) the prosecuting attorney's refusal to file the necessary petition for his inclusion in the sexual psychopath program, *see* RCW 71.06.020, was arbitrary and capricious and, thus, the trial court's refusal to place him in the program instead of declaring him to be a habitual criminal was improper.

It is argued (1) that the varied application of the habitual criminal statute by the different counties of the state creates classifications of convicted persons not reasonably related to a legitimate state interest and (2) prosecutors consistently charge with habitual criminal status persons who plead not guilty to their last offense while consistently failing to so charge those otherwise eligible for such treatment but who had pleaded guilty.

It is conceded by Malone that the record fails to support his contentions. Rather, he argues that the trial court erred in refusing to grant his motion to compel discovery of the facts necessary to support his theories. He contends that the court's refusal and its subsequent habitual criminal determination should be reversed because the facts alleged in his offer of proof establish an equal protection violation. Malone's offer of proof sets forth facts tending to support only his contention of inter–county discrimination; his contention that only persons who had

pleaded guilty to their last offense are charged with habitual criminal status is raised for the first time on appeal and thus is not considered. *Williams v. Poulsbo Rural Tel. Ass'n,* 87 Wn.2d 636, 555 P.2d 1173 (1976).

■ The trial court did not err in refusing to compel discovery upon Malone's offer of proof. Even if the facts discovered were consistent with those alleged in the offer of proof, the actions complained of would not, without more, constitute an equal protection violation. The offer does not allege his selection for habitual criminal treatment on "some unjustifiable standard such as race, religion, or other arbitrary classification." *State v. Lee,* 87 Wn.2d 932, 936, 558 P.2d 236 (1976). Territorial uniformity within a state is not a constitutional requisite. *See Salsburg v. Maryland,* 346 U.S. 545, 98 L. Ed. 281, 74 S. Ct. 280 (1954); *Pennsylvania v. Kindness,* 371 A.2d 1346 (Pa. Super. Ct. 1977).

Malone's cruel and unusual punishment argument lacks the element of arbitrary and capricious conduct which he acknowledges the standard to require. We do not rule on the correctness of his assertion.

We have reviewed the written standards which Malone argues constitute an improper delegation of legislative authority. No factors have been brought to our attention which would render these standards improper. *State v. Lee, supra.*

Malone argues that the habitual criminal determination should be overturned because the State failed to prove that his plea of guilty was made voluntarily and knowingly even though he was represented by counsel at the time of entering his plea. We rejected that argument in *State v. Murdock,* 18 Wn. App. 294, 567 P.2d 267 (1977).

■ Malone's argument that the prosecutor's refusal to file a "sexual psychopath petition" was arbitrary and capricious is without merit. In *State v. Osborn,* 87 Wn.2d 161, 550 P.2d 513 (1976), the Supreme Court held that RCW 71.06.020 vests the prosecuting attorney with discretion in determining whether to file a sexual psychopath petition.

The record reflects that Malone has a record of five serious misdemeanor and three felony convictions, a substantial portion of which are for nonsexual crimes. Further, the experts disagreed on the issue. We find no abuse of discretion.

Affirmed.

CALLOW and GREEN, JJ., concur.

Reconsideration denied October 17, 1978.

Review denied by Supreme Court February 16, 1979.