[No. 46886-9. En Banc. December 31, 1980.]

*In the Matter of the Personal Restraint of*
PRESS LEE, JR., *Petitioner.*

*In the Matter of the Personal Restraint of*
DON D. HEMPHILL, *Petitioner.*

*In the Matter of the Personal Restraint of*
BENJAMIN MALONE, *Petitioner.*

*In the Matter of the Personal Restraint of*
PHILLIP EDWARD GREENE, *Petitioner.*

*In the Matter of the Personal Restraint of*
EUGENE S. THOMPSON, *Petitioner.*

*John Midgley* of *Institutional Legal Services* and *John G. Ziegler* of *Seattle–King County Public Defender Association,* for petitioners.

*Norm Maleng, Prosecuting Attorney for King County, Marc A. Boman, Deputy, John Panesko, Prosecuting Attorney for Lewis County,* and *C. J. Rabideau, Prosecuting Attorney for Franklin County,* and *Pamela Cameron, Deputy,* for respondent.

HICKS, J.—In these petitions consolidated for review five persons, each of whom has had numerous contacts with the criminal justice system, seek to bring themselves within the ambit of a recent decision of this court in an effort to escape the rigors of conviction under this state's recidivist law. The issue here, as framed by the Chief Justice in his order of July 11, 1980, is:

> May a personal restraint petition be used to attack an habitual criminal finding under RCW 9.92.090, on the basis that prior convictions used to support the finding resulted from constitutionally deficient guilty pleas?

Under the circumstances here concerned, except as to one petitioner, we answer in the negative and deny the petitions.

Donald Hemphill was found guilty by a Lewis County jury of being a habitual criminal on June 19, 1973. He had previously pleaded guilty to two counts of forgery in California on December 5, 1957, and to three counts of robbery (and was convicted by jury of a fourth count) in California in 1960. In 1973, Hemphill was charged with committing robberies in Lewis, Cowlitz and Thurston Counties. The Thurston and Cowlitz charges were not prosecuted, however, because of Lewis County's decision to bring habitual criminal proceedings.

At trial, Hemphill claimed the habitual criminal statute was unconstitutional as constituting cruel and unusual punishment. He was convicted and on appeal the conviction was affirmed. *State v. Hemphill,* 11 Wn. App. 1004 (1974). His petition for discretionary review was denied by this court. 84 Wn.2d 1005 (1974). This collateral attack is the first time Hemphill has raised an objection to the use of evidence of prior guilty plea convictions in his habitual criminal trial.

Press Lee, Jr., was found guilty by a King County jury of having the status of a habitual criminal on May 10, 1974. He appealed that conviction upon several constitutional grounds, none of which raised the issue presented in *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980). This court confirmed his conviction. *State v. Lee,* 87 Wn.2d 932, 558 P.2d 236 (1976).

Lee's personal restraint petition lists six crimes to which he pleaded guilty. Now, in this collateral attack, he claims for the first time that on none of those six occasions was he apprised of the nature and consequences of his pleas. Only now does he raise objection to the admissibility of evidence of those convictions at his habitual criminal proceedings.

Phillip Greene was found guilty of being a habitual criminal by a King County jury on March 11, 1968. The conviction was based on two burglary convictions and one robbery

conviction in 1954, 1958 and 1962, respectively. Greene appealed and we affirmed. *State v. Greene,* 75 Wn.2d 519, 451 P.2d 926 (1969). This collateral attack is Greene's first challenge to the validity of the evidence used to establish prior convictions in the habitual criminal proceedings brought against him.

Eugene Thompson was convicted of being a habitual criminal by a Franklin County jury, the judgment being entered June 20, 1975. During that trial, the prosecutor moved to admit copies of three of Thompson's prior convictions, one each from Washington, California and South Dakota. Thompson's attorney objected because it was not evident that counsel had been present at all critical stages leading to those convictions. The trial court admitted the evidence of the convictions.

Thompson appealed on the ground that, even though he was represented by counsel at the time of sentencing for the underlying convictions, he had never been represented or advised of his rights prior to that time. Division Three of the Court of Appeals affirmed his conviction (*State v. Thompson,* 16 Wn. App. 883, 559 P.2d 1370 (1977)), and this court denied review. 88 Wn.2d 1018 (1977).

This collateral attack is the first occasion that Thompson has objected to the use of evidence of his prior convictions in the habitual criminal proceeding on the ground that he had been unaware of the nature and consequences of his pleas.

Benjamin Malone was convicted of being a habitual criminal by a King County jury on December 27, 1976. He appealed directly to this court. Among other claims, he asserted the trial court erred in admitting a judgment and sentence as evidence of a plea–based conviction without showing the plea was voluntary. Counsel's objection to the evidence clearly pointed to the reason for its inadmissibility. This court transferred the case to the Court of Appeals and there Malone's conviction was affirmed. *State v. Malone,* 20 Wn. App. 712, 582 P.2d 883 (1978).

Malone petitioned this court for discretionary review. In his petition, he renewed several of his claims but he did not include the contention that the trial court erred in admitting the State's exhibit 15, a plea–based judgment of conviction for a felony. We denied review. *State v. Malone,* 91 Wn.2d 1018 (1979).

*State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980), concerned the right of a defendant in a habitual criminal trial to challenge the present use in evidence of convictions based on guilty pleas entered before the decision of *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). There, we upheld the right of a defendant to object to the use of such evidence to prove the essential elements of the present charge in a habitual criminal proceeding. Further, we held that the State has the burden of proving beyond a reasonable doubt that the prior conviction was based on a valid voluntary guilty plea. *Holsworth* involved direct appeals from convictions based in part on evidence the admissibility of which was challenged at trial and that issue pursued on appeal.

Here, petitioners seek to use *Holsworth* to support *collateral attacks* on their convictions as habitual criminals. Contrary to the defendants in *Holsworth,* only one of these petitioners challenged in the trial court the use of evidence of prior convictions based on pleas of guilty. That one who did raise the issue in the trial court failed to include it in his petition to this court for discretionary review following an adverse decision in the Court of Appeals.

We held in *Holsworth,* at page 154:

[T]he attack in a habitual criminal proceeding on the use of pre–*Boykin* pleas is neither collateral nor retroactive. The challenge instead is to the present use of an invalid plea in a *present* criminal sentencing process.

That is not this case. Here we are concerned with a collateral attack on a conviction. Each of these petitioners had a trial; each was convicted of the status of being a habitual criminal; and each attacked his conviction directly on

appeal. None but Benjamin Malone raised in the trial court and on appeal the issue determined by *Holsworth.*

■ *In re Myers,* 91 Wn.2d 120, 587 P.2d 532 (1978), *cert. denied sub nom. Myers v. Washington,* 442 U.S. 912, 61 L. Ed. 2d 278, 99 S. Ct. 2828 (1979), is dispositive of these personal restraint petitions, not *Holsworth.* In *Myers,* as in the cases here, a trial was held and a guilty verdict returned. Sentence was imposed and an appeal was taken. The appeal was unsuccessful. *State v. Myers,* 53 Wn.2d 446, 334 P.2d 536 (1959). Incarceration in a state institution followed. Years later a personal restraint petition was brought by Myers collaterally attacking his conviction on a number of grounds.

All of the grounds urged, except one, could reasonably have been raised by Myers on appeal, if any were seriously regarded. They were not. The one exception was a change in this state's law of presumptions brought about by *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975) and *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977). Myers claimed the benefit of retroactive application of the new constitutional rule as applied to presumptions. His petition was denied. We did not reach the merits of those issues which could reasonably have been raised on appeal but were not, and the retroactivity issue was decided adversely to Myers.

■■ As discussed in *Holsworth* at pages 156–58, the principles of *Boykin* existed in the decisions of the United States Supreme Court and of this court long before *Boykin* was decided.

For example, in *State v. Cimini,* 53 Wash. 268, 271, 101 P. 891 (1909), this court stated that in order for a plea to be valid it must be entered "without hope or fear, without improper influence or promise, [and] *with full knowledge* of his legal and constitutional rights and *of the consequences of his act . . .*" (Italics ours.) The rape conviction of the defendant on a guilty plea was reversed and the case remanded for jury trial in *State v. Taft,* 49 Wn.2d 98, 102, 297 P.2d 1116 (1956), because the defendant was not told of the nature of the crime and

had "pleaded guilty under a misapprehension as to the essential elements of the crime of rape . . ." The court ruled that since Taft "did not plead guilty understandingly he was . . . denied a constitutional right." *State v. Taft, supra* at 103.

*State v. Holsworth,* 93 Wn.2d 148, 158, 607 P.2d 845 (1980).

Here, there is no contention by any petitioner that *Holsworth* established a new principle or constitutional rule. Rather, in footnote 1 of petitioners' brief they state:

Petitioners deny that *State v. Holsworth* involved a change in the law sufficient to even implicate "retroactivity" questions, but recognize it as a potential concern and have briefed the issue in the alternative.

In *In re Myers, supra* at 122, we stated:

A personal restraint petition requires the court to adjudicate whether the petitioning prisoner is presently detained in violation of either the United States Constitution or the Constitution of the State of Washington. RAP 16.4(c)(2). However, while we examine both state and federal questions, we do so in the light of this state's procedural rules. *See Massey v. Rhay,* 76 Wn.2d 78, 455 P.2d 367 (1969). While the federal courts may, in a subsequent *federal* habeas corpus action, choose to disregard state procedural requirements, we are free to apply our own rules in the independent *state* action. *See Fay v. Noia,* 372 U.S. 391, 426–35, 9 L. Ed. 2d 837, 83 S. Ct. 822 (1963).

*See Francis v. Henderson,* 425 U.S. 536, 48 L. Ed. 2d 149, 96 S. Ct. 1708 (1976); *Wainwright v. Sykes,* 433 U.S. 72, 53 L. Ed. 2d 594, 97 S. Ct. 2497 (1977).

One such rule of this state is that an objection not raised in the trial court normally will not be considered on appeal. Thus, failure to object in the trial court to the admissibility of evidence (certified copy of prior conviction judgment and sentence) precludes attacking the use of the evidence on appeal. However, if a challenge is raised as late as in a motion for a new trial, it gives the trial court an opportunity to act upon it and preserves the issue on appeal. *State v. Fagalde,* 85 Wn.2d 730, 539 P.2d 86 (1975). Further, in cases on direct appeal, we have uniformly reviewed an issue

when it relates to some constitutional right, even though it was not raised at trial. *See, e.g., State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968); *State v. Ruzicka,* 89 Wn.2d 217, 570 P.2d 1208 (1977).

Thus, even though a petitioner raised no objection at trial to the admissibility of evidence of a prior conviction based on pre–*Boykin* guilty pleas, as a matter relating to a constitutional right he would not have been precluded from raising the issue on appeal. None did, however, except Malone. Except for Malone, petitioners may not now raise that issue by collateral attack on their convictions as habitual criminals. *In re Myers, supra.*

That proper objections were being made at trial in habitual criminal proceedings prior to *Holsworth* is evident from the report of proceedings, vol. 11, State v. Malone, King County cause No. 75987 (Dec. 1976). The deputy prosecutor offered into evidence as exhibit 15, a certified copy of a King County judgment and sentence of a prior conviction of Malone. Malone's counsel, David Shorett, objected as follows:

> MR. SHORETT: I'll object, your Honor, to the admission of Exhibit 15 on the grounds that there is absolutely no recitation in that judgment and sentence that the defendant was advised of his rights prior to entering a plea of guilty. There is an indication that he was represented by an attorney on the face of that judgment and sentence, which would meet that requirement under the case law, but I think the cases are going in the direction of requiring some proof that the defendant was advised of all his rights which he would forego prior to entering a plea of guilty.
>
> Among those rights, I might add, would be the right to be made aware of the consequences of his plea. In fact, the consequence that he would be here today or certainly at a later date with him being charged as an habitual criminal on the basis of a conviction entered subsequent to his plea of guilty to that charge.
>
> So, on that basis, I would object to the admissibility of that particular judgment and sentence. Where the record is silent on an advisement of rights, we can't presume that he was advised of his rights by his attorney. The

prosecutor could call Mr. Sullivan, I believe, who is listed as the attorney in that case, to testify as to whether or not the defendant was advised, but I think the burden is on the prosecution to show that it was a valid waiver. I assume there is a record available somewhere to the prosecutor which would indicate whether or not the defendant was advised of his rights at that time.

Now, that being the case, the evidence being available, I think it's incumbent upon the State to bring that proof forward, so I would object to the admissibility at this time.

The above objection predated *Holsworth* by 3 years. It should have been sustained.

Following his conviction of having the status of a habitual criminal, Malone appealed directly to this court. We transferred the appeal to the Court of Appeals.

Malone's appeal was based on several grounds, one of which was the admission of evidence of a prior conviction based on a plea of guilty despite the above objection. The Court of Appeals rejected all grounds of Malone's appeal and affirmed the habitual criminal conviction.

The Court of Appeals should not have rejected Malone's assignment of error challenging the admissibility of evidence of a prior plea–based conviction. In his petition for discretionary review directed to this court, Malone did not include the evidence issue and we denied the petition.

The courts of this state are overloaded at the present time with no respite in sight. It simply defies orderly procedure and common sense for one charged in the criminal justice system to go to trial, and after conviction to utilize the appellate process and not be required to raise all the knowable issues that pertain to the case. Routinely relitigating by personal restraint petition matters that could and should have been resolved previously at trial or on appeal simply further clogs this state's justice system. The personal restraint petition is an extremely valuable safeguard in the criminal justice system. It should be used prudently.

In our view these petitioners have had the full panoply of process due them. Consequently, we hold that Hemphill,

Lee, Greene and Thompson are not being restrained in violation of their constitutional rights. We deny their petitions. *See In re Myers,* 91 Wn.2d 120, 587 P.2d 532 (1978), *cert. denied sub nom. Myers v. Washington,* 442 U.S. 912, 61 L. Ed. 2d 278, 99 S. Ct. 2828 (1979).

Malone is another matter. We could, perhaps, hold that since he did not persist in his protest to the admissibility of the plea–based conviction in his petition for discretionary review to this court that he had abandoned the issue. We do not choose to do so. Malone did everything that any petitioner in *Holsworth* did except prevail upon this court to examine his claim of error. He raised the issue in a timely manner, and most lucidly, in the trial court and again in the Court of Appeals. Neither court recognized the validity of his contentions. While it may be said that it is not the function of a personal restraint petition to correct trial and appellate court mistakes, we think the error here, in light of *Holsworth,* to be too palpable to be disregarded. Consequently, Malone's petition will be referred to the King County Superior Court with directions to hold a hearing to determine the validity of the plea–based conviction offered in evidence in the habitual criminal proceeding.

Petitions denied as to Press Lee, Jr., Don D. Hemphill, Phillip Edward Greene, and Eugene S. Thompson. Petition of Benjamin Malone is referred to the Superior Court for King County for further proceedings not inconsistent with this opinion.

Rosellini, Stafford, Brachtenbach, Dolliver, and Williams, JJ., concur.

Horowitz, J. (dissenting)—I concur in the majority's disposition of petitioner Benjamin Malone's personal restraint petition. However, I must dissent from the determination that petitioners Lee, Hemphill, Greene, and Thompson must be denied relief because of our decision in *In re Myers,* 91 Wn.2d 120, 587 P.2d 532 (1978). The majority holds that because these petitioners did not

appeal their habitual criminal convictions on the grounds set out in *State v. Holsworth*, 93 Wn.2d 148, 607 P.2d 845 (1980), they are now prevented from asserting those claims. Such an analysis by the majority inappropriately extends *Myers'* holding in a manner that violates our court rules concerning the procedures for bringing and acting upon personal restraint petitions. I will examine this error after briefly setting out the basis for petitioners' personal restraint petitions, as set forth in *Holsworth*.

*Holsworth* concerned the proof available in a habitual criminal proceeding to prove the two prior felony convictions necessary for an individual to be adjudged a habitual criminal. RCW 9.92.090. We held in that case that the defendant can challenge the use of a prior conviction based on a guilty plea to prove his habitual criminal status on the basis that the prior guilty plea was constitutionally defective:

> The State has the burden of proving beyond a reasonable doubt that the plea was knowingly made after the defendant was apprised of the nature of the offense and of the consequences of pleading guilty to it, including possible maximum mandatory minimum sentences upon conviction and the constitutional rights to jury trial, to confrontation [of his accusers], and to remain silent, waived by the plea.

*State v. Holsworth, supra* at 161. In this case, we consider the application of this principle from *Holsworth* in personal restraint petitions collaterally attacking habitual criminal convictions in which allegedly uninformed guilty pleas were used to prove petitioners' habitual criminal status.

I agree with the majority that *Holsworth* did not constitute "new law" that would be applied, if at all, *retroactively* in these petitions. *Holsworth* overruled no past precedent, and its holding on the issue of the use in habitual criminal proceedings of prior felony convictions based on allegedly unconstitutional guilty pleas was quite clearly foreshadowed by 70 years of cases concerning the disclosures

required to be given to the criminal defendant who pleads guilty in this state.

> Even many years before the United States Supreme Court's decision this state had adopted the principles supporting *Boykin*'s disclosure requirements in considering the validity of guilty pleas.
>
> For example, in *State v. Cimini*, 53 Wash. 268, 271, 101 P. 891 (1909), this court stated that in order for a plea to be valid it must be entered "without hope or fear, without improper influence or promise, [and] *with full knowledge* of his legal and constitutional rights and *of the consequences of his act . . .*" (Italics ours.) . . .
>
> Affirmation of the defendant's right to attack the use of an allegedly uninformed prior plea in a habitual criminal proceeding is merely another manifestation of this state's continuing and long–standing concern that the defendant suffer the consequences of only freely, unequivocally, knowingly and intelligently made guilty pleas.

*State v. Holsworth, supra* at 157–58.

*Holsworth* merely applied this long–established analysis to the *use* of such a conviction in a subsequent habitual criminal proceeding, concluding that "violation of the defendant's constitutional rights [would be] 'renewed' through use in a habitual criminal proceeding of an uninformed guilty plea which thus violates due process." *State v. Holsworth, supra* at 157. That use of an uninformed guilty plea in a habitual criminal proceeding is a violation of the defendant's constitutional rights cannot be doubted. Three valid felony convictions must be proved as requisite elements of the habitual criminal status. *State v. Holsworth, supra* at 159; *State v. Kelly*, 52 Wn.2d 676, 328 P.2d 362 (1958). The State's responsibility to prove the elements of a criminal charge beyond a reasonable doubt is a matter of constitutional due process:

> Lest there remain any doubt about the constitutional stature of the reasonable–doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable

doubt of every fact necessary to constitute the crime with which he is charged.

*In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970); *see also Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975). *Holsworth* can thus be seen as a case applying clearly established principles of law to the proof of two prior valid felony convictions as the elements of the new habitual criminal charge, an analysis of constitutional magnitude.

The majority errs, however, in concluding that after *In re Myers, supra,* petitioners cannot now, for the first time in their personal restraint petitions, allege that the prior guilty plea convictions upon which their habitual criminal convictions were based were, in fact, inadequate to prove a prior valid felony conviction under the rule of *Holsworth.*

In *Myers,* we refused to consider four claims on which Myers based his petition for release because these "issues . . . could have been raised on appeal but were not, [and] may not be used as grounds for a collateral attack on a criminal judgment." *In re Myers, supra* at 122. All of the issues not considered by the court in *Myers* were essentially factual in nature and concerned obvious constitutional claims arising during the prosecution of the crime for which Myers was originally imprisoned. "Myers was represented at trial by a battery of three attorneys and on appeal by a fourth attorney," *In re Myers, supra* at 122, and all of the alleged errors occurred in a manner that insured that the defendant and his counsel at trial and on appeal would have been aware of their existence. They therefore could not be raised in Myers' personal restraint petition because

> [e]ach of those alleged infirmities was apparent either before trial or prior to the end of trial, and each could have been raised on appeal.

*In re Myers, supra* at 123. Thus, these errors did not provide grounds for relief in the personal restraint petition because it was without doubt that Myers had been aware of the alleged errors and had personally *waived* the claims on appeal.

That is not the case here. Although *Holsworth* merely applied old law regarding guilty pleas, and thus established no new principle as a *legal* matter, that does not mean that we should conclusively presume, as the majority does, that these petitioners as a *factual* matter were aware of this possible violation of their rights through the use of uninformed guilty pleas in their habitual criminal proceedings.

Any nondisclosures of the defendant's rights and of the consequences of his plea that would make a guilty plea inadequate to prove a prior felony conviction in the habitual criminal proceeding which petitioners now collaterally attack occurred long before the guilty pleas were used in the enhancement proceeding. Constitutional infirmities in the guilty pleas, the use of which might have been challenged in the habitual criminal proceeding, would thus, for instance, not be readily apparent to the attorney representing the habitual criminal defendant in the enhancement proceeding. The defendant, untrained in the law, may not have been aware of the need to inform his present attorney that the guilty plea with which the State now seeks to enhance his punishment was uninformed.

In a case such as this, we cannot know from the present record if the *Holsworth* issue "could have been raised on appeal" of the habitual criminal finding because we cannot know if the defendant was *aware* as a matter of *fact* of the claim. We cannot determine without a hearing whether waiver took place, as we could in *Myers*. A petitioner and his trial attorney may very well have discussed this possibility of attack of the prior guilty pleas, and abandoned it because it was not sound factually. But we cannot determine whether the issue was waived without facts elicited at a hearing on this subject.

Waiver is the "intentional relinquishment or abandonment of a known right or privilege", which can only be accomplished by the defendant himself. *Johnson v. Zerbst,* 304 U.S. 458, 464, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938); waiver cannot be presumed from a silent record. *Carnley v. Cochran,* 369 U.S. 506, 516, 8 L. Ed. 2d 70, 82 S. Ct. 884

(1962). As we stated in the case of *State v. Sweet,* 90 Wn.2d 282, 286–87, 581 P.2d 579 (1978):

[T]here is no presumption in favor of the waiver of the right to appeal. *The State* carries the burden of demonstrating that a convicted defendant has made a voluntary, knowing, and intelligent waiver . . .

. . .

It would seem to us a *conscious, intelligent, and willing* failure to appeal could be shown to constitute waiver.

These petitioners must be given the opportunity to demonstrate that they were "previously unable to assert [their] rights or [were] *unaware of the significance of relevant facts".* (Italics mine.) *Price v. Johnston,* 334 U.S. 266, 291, 92 L. Ed. 1356, 68 S. Ct. 1049 (1948). To read *Myers* so narrowly as to summarily prevent this constitutional challenge would be to abrogate the provisions of RAP 16.4(a) and (c)(2):

[T]he appellate court *will* grant appropriate relief to a petitioner if the petitioner is under a "restraint" . . .

. . .

[And if] the conviction was obtained or the sentence . . . entered in a criminal proceeding . . . was imposed or entered in violation of the Constitution of the United States or the constitution or laws of the State of Washington . . .

(Italics mine.) The majority's analysis unconscionably extends the *Myers* doctrine by deciding as a matter of law that issues of a constitutional magnitude are conclusively "waived" whenever the defendant's attorney fails to appeal those issues, whether or not the defendant himself concurs or is even aware of this possible violation of his constitutional rights. This is contrary to the letter and spirit of the personal restraint petition and its common law predecessor, the writ of habeas corpus.

The petitioner can raise constitutional objections to his imprisonment at any time. *State v. Wicke,* 91 Wn.2d 638, 591 P.2d 452 (1979); *Scruggs v. Rhay,* 70 Wn.2d 755, 425 P.2d 364 (1967). In some circumstances, such as in *Myers,*

it may be readily apparent that the petitioner had personally waived those arguments at trial and appeal. But that is not the case here, and these petitions should be transferred to the superior court pursuant to RAP 16.12 for the purpose of determining whether these *Holsworth* claims were earlier waived by petitioners in their habitual criminal proceedings and, if not, whether under the standards set out in *Holsworth* their prior convictions based on allegedly uninformed guilty pleas could be used to prove their habitual criminal status.

Finally, I would like to note that despite the majority's failure to acknowledge that we cannot at this stage determine whether these petitioners waived their *Holsworth* claims in their habitual criminal proceedings, the majority has correctly declined to rely for its conclusion on the prosecutors' claim that these petitioners can challenge the use of prior guilty pleas in their habitual criminal proceedings only by collaterally attacking the guilty pleas *themselves.* This analysis was quite clearly precluded by the language of *Holsworth* itself:

> [T]he attack in a habitual criminal proceeding on the use of pre–*Boykin* pleas is neither collateral nor retroactive. The challenge instead is to the present use of an invalid plea in a *present* criminal sentencing process.

*State v. Holsworth,* 93 Wn.2d 148, 154, 607 P.2d 845 (1980). At the heart of *Holsworth* is its determination that the habitual criminal defendant need not collaterally attack a guilty plea so as to set aside the conviction based thereon in order to preclude the use of the prior conviction based on the guilty plea in the enhancement proceeding.

The majority has correctly granted petitioner Malone's petition and transferred the petition to the King County Superior Court for a factual determination of Malone's *Holsworth* claims. However, the majority erred in summarily dismissing the claims of petitioners Lee, Hemphill, Greene, and Thompson. These petitioners should be entitled to hearings to determine whether they waived their *Holsworth* claims at trial and on appeal of their habitual

criminal convictions or whether they may properly be raised now in these personal restraint petitions. I therefore respectfully dissent from the majority's summary dismissal of their petitions.

UTTER, C.J., and RYAN, J. Pro Tem., concur with HOROWITZ, J.

Reconsideration denied March 3, 1981.