240 P.3d 1203 (2010)
THURSTON COUNTY and City of Yelm, Respondents,
v.
WESTERN WASHINGTON GROWTH MANAGEMENT HEARINGS BOARD, Defendant, and
Futurewise; and Adams Cove Group, Appellants.
No. 39547-9-II.
Court of Appeals of Washington, Division 2.
October 26, 2010.
*1204 Robert A. Beattey, Spencer Law Firm, LLC, Tacoma, WA, Tim Trohimovich, Futurewise, Seattle, WA, for Appellants.
Jeffrey George Fancher, Attorney at Law, Brent Frederick Dille, Owens Davies Fristoe Taylor & Schultz PS, Olympia, WA, for Respondents.
Jerald R. Anderson, Atty. General's Ofc., for Other Parties.
ARMSTRONG, J.
¶ 1 In 2006, Thurston County updated the population projections in the City of Yelm/Thurston County Joint Plan (Joint Plan). Futurewise, a public interest group formerly known as 1000 Friends of Washington, challenged the amendment, arguing that the Yelm urban growth area is too large based on the updated population projections. The Western Washington Growth Management Hearings Board (Western Board) ruled that the amended Joint Plan did not comply with the Growth Management Act (GMA) because, based on the updated population projections, the supply of land within the Yelm urban growth area significantly exceeded projected demand. Thurston County appealed, the Thurston County Superior Court reversed, and Futurewise appeals the reversal. Because the issue is moot, we affirm the superior court's reversal of the Western Board's ruling.

FACTS
¶ 2 The legislature enacted the GMA, chapter 36.70A RCW, to encourage reducing urban sprawl and conserving wildlife habitat and agricultural lands. RCW 36.70A.020. To accomplish these goals, the GMA requires certain counties to adopt a comprehensive plan. See RCW 36.70A.040. Comprehensive plans must, among other things, designate an urban growth area for each city in the county "within which urban growth shall be encouraged and outside of which growth can *1205 occur only if it is not urban in nature." RCW 36.70A.110(1). Urban growth area designations cannot exceed the amount of land necessary to accommodate the Office of Financial Management's 20-year population projections for the county, plus a "reasonable land market supply factor."[1] RCW 36.70A.110(2); Thurston County v. W. Wash. Growth Mgmt. Hearings Bd., 164 Wash.2d 329, 352, 190 P.3d 38 (2008).
¶ 3 The urban growth area for Yelm includes unincorporated land outside the city limits and is governed by a Joint Plan between Yelm and Thurston County. Jurisdictionally, Yelm implements the plan within the city limits and the County implements the plan in the unincorporated area outside the city limits. The Joint Plan is composed of provisions from Yelm's Comprehensive Plan that affect the unincorporated urban growth area and have been adopted by both Yelm and the County.
¶ 4 In 2006, Thurston County amended the Joint Plan by adopting Resolution 13734. Resolution 13734 updated the plan's 20-year population projections but did not revise the Yelm urban growth area because the County found: "Yelm and its [urban growth area] have sufficient area to accommodate projected growth consistent with RCW 36.70A.110(2)." Clerk's Papers at 120. Futurewise challenged the amendment on the ground that the updated population projections did not support the size of the Yelm urban growth area. Adams Cove Group v. Thurston County, No. 07-2-0005, 2008 WL 3873761, at *3-4 (W. Wash. Growth Mgmt. Hr'gs Bd. July 28, 2008) (Final Decision and Order).[2]
¶ 5 The Western Board ruled that the amended Joint Plan failed to comply with the GMA because, based on the updated population projections, the Yelm urban growth area "permitted land supplies 97 [percent] in excess of residential needs, 116 [percent] in excess of commercial needs, and 1040 [percent] in excess of industrial needs." Adams Cove Group, No. 07-2-0005, 2008 WL 3873761, at *9. The Board found "nothing in the record that demonstrates this supply of land is necessary to accommodate projected growth" and that "such excess supply is likely to lead to the inappropriate conversion of undeveloped land into sprawling, low-density development in violation of RCW 36.70A.020(2)." Adams Cove Group, No. 07-2-0005, 2008 WL 3873761, at *9. Thurston County appealed, the Thurston County Superior Court reversed the Western Board's ruling, and Futurewise appeals the superior court's reversal.

ANALYSIS

I. Standard of Review
¶ 6 We review a Growth Management Hearings Board decision under the provisions of the Administrative Procedure Act, chapter 34.05 RCW. Thurston County, 164 Wash.2d at 341, 190 P.3d 38. We review the Board's decision directly. Thurston County, 164 Wash.2d at 341, 190 P.3d 38. The party appealing the Board's decision bears the burden of demonstrating that the decision is invalid. RCW 34.05.570(1)(a).

II. Collateral Estoppel
¶ 7 Thurston County contends that collateral estoppel bars Futurewise's petition for review.[3] Collateral estoppel, or issue *1206 preclusion, bars relitigation of identical issues where there has been a final judgment on the merits, the party against whom the collateral estoppel is asserted was a party to or in privity with a party to the prior adjudication, and application of the doctrine does not work an injustice on the party against whom the doctrine is to be applied. See City of Arlington v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 164 Wash.2d 768, 792, 193 P.3d 1077 (2008); Phoenix Dev. Inc. v. City of Woodinville, 154 Wash.App. 492, 512-13, 229 P.3d 800 (2009).

A. Prior Judgment

¶ 8 The final judgment that Thurston County relies on is the Western Board's Compliance Order in 1000 Friends of Wash. v. Thurston County, No. 05-2-0002, 2008 WL 2783665 (W. Wash. Growth Mgmt. Hr'gs Bd. May 29, 2008) (Order Finding Compliance). In that case, Thurston County updated the population projections in the Thurston County Comprehensive Plan and Futurewise challenged the amendment, arguing that the updated population projections did not support the size of the County's urban growth areas. The Western Board agreed and ruled that the County's urban growth areas did not comply with the GMA. See 1000 Friends of Wash. v. Thurston County, No. 05-2-0002, 2005 WL 1713418, at *1-2, 11-16 (W. Wash. Growth Mgmt. Hr'gs Bd. July 20, 2005) (Final Decision and Order).
¶ 9 After re-evaluating the capacity of its urban growth areas, updating population allocation information, and determining appropriate market supply factors, Thurston County concluded that its urban growth areas were appropriately sized with a market supply factor of 25 percent. 1000 Friends of Wash., No. 05-2-0002, 2008 WL 2783665, at *3. One exception was the Yelm urban growth area, which the County determined was appropriately sized with a market supply factor of 35 percent "due to unique local circumstances." 1000 Friends of Wash., No. 05-2-0002, 2008 WL 2783665, at *4 n. 7. The County amended the Thurston County Comprehensive Plan to include this updated population data by adopting Resolution 14034. 1000 Friends of Wash., No. 05-2-0002, 2008 WL 2783665, at *3. The Western Board reviewed the amendments, noted that Futurewise did not object to a finding of compliance, and ruled: "The County's adoption of Resolution No. 14034 and Ordinance No. 14035 cures the non-compliance of Thurston County's Urban Growth Areas with the GMA." 1000 Friends of Wash., No. 05-2-0002, 2008 WL 2783665, at *4.

B. Issue Preclusion

¶ 10 Thurston County argues that the issues in 1000 Friends of Washington and the present case "are identical with respect to challenging the size of the Yelm [urban growth area]." Br. of Resp't at 27-28. We disagree. The issue in 1000 Friends of Washington was whether the Yelm urban growth area is appropriately sized based on the population projections adopted by Resolution 14034 in the Thurston County Comprehensive Plan. In contrast, the issue in this case is whether the Yelm urban growth area is appropriately sized based on the population projections adopted by Resolution 13734 in the Joint Plan. The issues are not identical because they involve different population projections in different plans; therefore, the doctrine of issue preclusion does not apply.

C. Mootness

¶ 11 Thurston County, however, correctly argues that the core issue is the same in both caseswhether the Yelm urban growth area needs to be reduced in size. The Western Board's final judgment in 1000 Friends of Washington determined that it does not, because it is appropriately sized based on the updated population projections in the Thurston County Comprehensive Plan. See 1000 Friends of Wash., No. 05-2-0002, 2008 WL 2783665, at *4. The problem, at this point, is that the County has not updated the population projections in the Joint Plan, and "it is undisputed that the Joint Plan approved by Resolution 13734 permitted land supplies 97 [percent] in excess of residential needs, 116 [percent] in excess of commercial needs, and 1040 [percent] in excess of industrial needs." See Adams Cove Group, No. 07-2-0005, 2008 WL 3873761, at *8.
*1207 ¶ 12 Thus, we are presented with an unusual situation where the Yelm urban growth area is simultaneously too large, based on the population projections in the Joint Plan, and properly sized, based on the population projections in the Thurston County Comprehensive Plan. But the size of the Yelm urban growth area cannot be independently governed by both plans at once. The GMA specifically authorizes one entity to designate urban growth areasthe county. See RCW 36.70A.110. And the Thurston County Comprehensive Plan is the "master plan" that guides several subordinate plans, including Joint Plans:
The Comprehensive Plan is the plan that guides several other kinds of specialized plans undertaken by the county: Joint plans, subarea plans, and functional plans. . . .
The Comprehensive Plan is the umbrella planning document for all of Thurston County's land use related special plans and regulatory documents. It is the "master plan" because it contains the vision and direction for the county's future development.. . .
Thurston County Comprehensive Plan, at 1-5 (last revised June 2007), C-2 (last revised Dec. 2006).[4]
¶ 13 "A case is considered moot if there is no longer a controversy between the parties, if the question is merely academic, or if a substantial question no longer exists." Hough v. Stockbridge, 113 Wash.App. 532, 536, 54 P.3d 192 (2002), rev'd in part on other grounds, 150 Wash.2d 234, 76 P.3d 216 (2003). Here, the parties dispute whether the County must reduce the size of the Yelm urban growth area to conform to the outdated population projections in the Joint Plan. But there is one plan that controls the size of the Yelm urban growth areathe Thurston County Comprehensive Plan. The County updated the population projections in that plan and the Western Board ruled that all of the County's urban growth areas, including Yelm, comply with the GMA based on those updated population projections. See 1000 Friends of Wash., No. 05-2-0002, 2008 WL 2783665, at *4. Accordingly, the issue of whether the Yelm urban growth area is appropriately sized has been resolved and is now moot.[5] Therefore, we affirm the superior court's reversal of the Western Board's ruling.
We concur: HUNT and QUINN-BRINTNALL, JJ.
NOTES
[1] "[A] market factor represents the estimated percentage of net developable acres contained within a UGA that, due to idiosyncratic market forces, is likely to remain undeveloped over the course of the twenty-year planning cycle." Thurston County v. W. Wash. Growth Mgmt. Hearings Bd., 164 Wash.2d 329, 352, 190 P.3d 38 (2008).
[2] Adams Cove Group also challenged Resolution 13734, but was dismissed for lack of standing. See Adams Cove Group, 2008 WL 3873761, at *7.
[3] As a threshold matter, Futurewise contends that Thurston County did not argue collateral estoppel before the Western Board and we should decline to address the issue on appeal. But Futurewise acknowledges on page 7 of its brief: "In short, the County argued [before the Board] that Futurewise's appeal of the Yelm [urban growth area] sizing failed on the merits, was untimely, . . . and was barred by operation of res judicata and/or issue preclusion principles. The Western Board disagreed." Br. of Appellant at 7 (emphasis added). Thus, the County argued issue preclusion before the Board and has properly preserved this argument for appeal. See State v. Fagalde, 85 Wash.2d 730, 731, 539 P.2d 86 (1975).
[4] The Thurston County Comprehensive Plan is available at: http://www.co.thurston.wa.us/ planning/comp_plan/comp_plan_document.htm.
[5] The fact that the population projections in the Joint Plan and the Thurston County Comprehensive Plan are inconsistent is a separate issue. The GMA requires that comprehensive plans be "internally consistent document[s]," and that "county and city comprehensive plans to be consistent with each other in order to ensure harmonious land use planning." King County v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 138 Wash.2d 161, 175, 979 P.2d 374 (1999); RCW 36.70A.070; RCW 36.70A.100; see also RCW 36.70A.210(1). But Futurewise did not challenge the Joint Plan on this ground. This appeal is limited to determining whether the County must reduce the size of the Yelm urban growth area based on the outdated population projections in the Joint Plan. Accordingly, we do not address this issue except to note that the present controversy could have been avoided if the County had complied with this GMA requirement and updated the population projections in both the Comprehensive Plan and the Joint Plan when it adopted Resolution 14034.