[No. 81590-9.   En Banc.]
Argued November 16, 2009.     Decided April 15, 2010.

ALEX SALAS, *Petitioner*, v. HI-TECH ERECTORS, *Respondent*.

*Robert B. Kornfeld* (of *Kornfeld Trudell Bowen & Lingenbrink PLLC*) and *Charles K. Wiggins* (of *Wiggins & Masters PLLC*), for petitioner.

*Matthew T. Boyle* (of *Mitchell Lang & Smith*) and *Thomas A. Heinrich*, for respondent.

*Sean M. Phelan, Lori K. Rath*, and *Sara L. Ainsworth* on behalf of Legal Voice, amicus curiae.

*Sarah A. Dunne, Nancy L. Talner*, and *Jeffrey L. Needle* on behalf of American Civil Liberties Union of Washington and Washington Employment Lawyers Association, amici curiae.

*Matthew H. Adams* on behalf of Northwest Immigrants' Rights Project, amicus curiae.

*Rebecca A. Smith* on behalf of National Employment Law Project, amicus curiae.

*Joachim Morrison* on behalf of Centro de Ayuda Solidaria a los Amigos (CASA) Latina, amicus curiae.

*Maria L. Gonzalez* on behalf of Latino Bar Association of Washington, amicus curiae.

¶1 FAIRHURST, J. — Alex Salas asks us to reverse a published Court of Appeals decision affirming a jury verdict

in favor of Hi-Tech Erectors. Salas was injured when he slipped from a ladder erected by Hi-Tech while working at a construction site. He sued Hi-Tech, alleging negligence. At trial, evidence was admitted that Salas was an undocumented immigrant. He argues that the trial court erred by admitting this evidence. We agree and reverse the Court of Appeals.

## I. FACTUAL AND PROCEDURAL HISTORY

¶2 Salas entered the United States from Mexico in 1989. He applied for citizenship, but his application has never been processed. While Salas had a visa upon first entering the United States, his visa expired in 1994. Salas has lived and worked in the greater Seattle area since 1990. He has paid taxes during that time. He was married and, at the time of trial, had three children ages 3, 10, and 14.

¶3 At the time of the accident, Salas was employed by Charter Construction. Charter hired Hi-Tech to erect scaffolding at its work site at the San Villa condominium complex at Northgate. Salas was at the San Villa work site when he had to climb a ladder on the scaffolding to reach some windows. The day was wet, and the ladder did not have a textured surface to prevent slipping. Salas slipped and fell more than 20 feet to the ground, severely injuring himself.

¶4 Salas brought suit against Hi-Tech alleging negligence. The trial court granted partial summary judgment in favor of Salas, concluding that the ladder Salas had climbed did not meet code requirements. The trial court denied summary judgment as to liability, proximate cause, and damages.

¶5 Shortly before trial, it became apparent from the deposition of Salas' treating psychiatrist that Salas was in the United States illegally. Salas moved in limine to exclude evidence of his immigration status. The court determined that if Salas sought lost future income, then evidence of his

immigration status would be admissible.[1] The court recognized that some jurors might be "so hung up on the immigration issue that they would really take it out on him," but the court decided that the evidence was probative of whether Salas' future income would be in United States dollars or the currency of his home country. Report of Proceedings (RP) (May 15, 2006) at 28. Salas sought lost future income, and evidence of his immigration status was admitted.

¶6 The jury, by special verdict form, found that Hi-Tech was negligent. However, the jury determined that Hi-Tech was not the proximate cause of Salas' injuries. Therefore, the jury entered a verdict in favor of Hi-Tech.

¶7 Salas appealed, and the Court of Appeals affirmed. *Salas v. Hi-Tech Erectors*, 143 Wn. App. 373, 177 P.3d 769 (2008). The Court of Appeals concluded that evidence of immigration status should generally be inadmissible because its prejudicial effect is great. *Id.* at 383. However, the Court of Appeals affirmed the trial court because Salas' immigration status was discovered late and the court was not provided with sufficient relevant authority on the issue. *Id.* We granted Salas' petition for review. *Salas v. Hi-Tech Erectors*, 164 Wn.2d 1030, 197 P.3d 1184 (2008).

## II. ISSUE

¶8 Did the trial court abuse its discretion by admitting evidence of Salas' immigration status when Salas sought damages for lost future income?

## III. ANALYSIS

■ ¶9 We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997). A trial

---

[1] The trial court also ruled that Salas' immigration status did not bar him from recovering lost future income. The parties have not appealed this ruling, and this question is not before us.

court abuses its discretion when its decision "is manifestly unreasonable or based upon untenable grounds or reasons." *Id.* "A trial court's decision is manifestly unreasonable if it 'adopts a view "that no reasonable person would take." ' " *In re Pers. Restraint of Duncan*, 167 Wn.2d 398, 402-03, 219 P.3d 666 (2009) (quoting *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006) (quoting *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003))). "A decision is based on untenable grounds or for untenable reasons if the trial court applies the wrong legal standard or relies on unsupported facts." *Id.* (citing *Mayer*, 156 Wn.2d at 684).

¶10 All relevant evidence is admissible unless its admissibility is otherwise limited. ER 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. "The threshold to admit relevant evidence is low, and even minimally relevant evidence is admissible." *State v. Gregory*, 158 Wn.2d 759, 835, 147 P.3d 1201 (2006) (citing *State v. Darden*, 145 Wn.2d 612, 621, 41 P.3d 1189 (2002)).

¶11 Here, admissibility of Salas' immigration status was conditioned on Salas' seeking lost future wages. The court reasoned that Salas' immigration status was relevant to a determination of lost future wages because it called into question whether Salas' labor would be valued in United States dollars or some other currency.

¶12 It should be noted that Salas' immigration status is the only evidence in the record that suggests he may be deported. Salas has resided in the United States since 1989 and has lived without a visa since 1994. He has worked, purchased a home, and had three children in the United States. The record furnishes no evidence of pending removal proceedings or a deportation order.

¶13 Based solely on his immigration status, the risk of Salas' being deported is exceptionally low. The Department of Homeland Security (DHS) estimates there were 11.6 million

unauthorized immigrants residing in the United States as of January 2008. MICHAEL HOEFER ET AL., U.S. DEP'T OF HOMELAND SECURITY, OFFICE OF IMMIGRATION STATISTICS, ESTIMATES OF THE UNAUTHORIZED IMMIGRANT POPULATION RESIDING IN THE UNITED STATES: JANUARY 2008 (Feb. 2009), http://www.dhs.gov/xlibrary/assets/statistics/publications/ois_Ill_pe_2008.pdf (last visited Apr. 9, 2010). Excluding apprehensions by border patrol, DHS apprehended 67,728 undocumented immigrants in 2008. U.S. DEP'T OF HOMELAND SECURITY, OFFICE OF IMMIGRATION STATISTICS, ANNUAL REPORT: IMMIGRATION ENFORCEMENT ACTIONS: 2008 (July 2009), http://www.dhs.gov/xlibrary/assets/statistics/publications/enforcement_ ar_08.pdf (last visited Apr. 9, 2010). Therefore, apart from immigrants apprehended at the border, less than one percent of the unauthorized immigrant population was apprehended in 2008.

¶14 Even if an undocumented immigrant is apprehended, removal from the United States is not a foregone conclusion. The immigrant still faces removal proceedings in front of an immigration judge. 8 U.S.C. §§ 1229, 1229a. Even if an immigrant is deportable, removal can still be canceled in some cases. *Id.* § 1229b. Consequently, immigration status alone is not a reliable indicator of whether someone will be deported.

¶15 The relevance requirement is not a high hurdle. Relevance is defined as evidence that has "any tendency" to make the existence of a consequential fact more or less likely than it would be if the evidence did not exist. ER 401. With regard to Salas' future earning power, one consequential fact will be the market in which he sells his labor. Salas' immigration status creates a greater likelihood that his labor market will not be the United States than if Salas legally resided here. Even though his immigration status increases this risk by only a minimal amount, minimal relevancy is all that ER 402 requires. Therefore, we hold that Salas' immigration status is relevant to the issue of lost future earnings.

¶16 Other jurisdictions have come to the same conclusion. *Rosa v. Partners in Progress, Inc.*, 152 N.H. 6, 15, 868

A.2d 994 (2005) ("[A]n illegal alien's status, though irrelevant to the issue of liability, *see Melendres v. Soales*, 105 Mich. App. 73, 306 N.W.2d 399, 402 (1981), is relevant on the issue of lost earnings."); *id.* ("While the matter of plaintiff's status as an illegal alien was clearly irrelevant on the question of liability, it was material and relevant to the issue of damages, specifically the present value of future lost earnings."). *Contra Clemente v. California*, 40 Cal. 3d 202, 221, 707 P.2d 818, 219 Cal. Rptr. 445 (1985) ("[T]here was no evidence that he had any intention of leaving this country and the speculation that he might at some point be deported was so remote as to make the issue of citizenship irrelevant to the damages question.").

¶17 "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."[2] ER 403. When evidence is likely to stimulate an emotional response rather than a rational decision, a danger of unfair prejudice exists. *State v. Powell*, 126 Wn.2d 244, 264, 893 P.2d 615 (1995). Trial courts enjoy "wide discretion in balancing the probative value of evidence against its potentially prejudicial impact." *Stenson*, 132 Wn.2d at 702 (citing *State v. Rivers*, 129 Wn.2d 697, 710, 921 P.2d 495 (1996)).

¶18 In the criminal context, the Court of Appeals has recognized that admitting immigration status is prejudicial. *State v. Avendano-Lopez*, 79 Wn. App. 706, 718-19, 904 P.2d 324 (1995). In *Avendano-Lopez*, a prosecutor on cross-examination asked the defendant, " 'You are not legal in this country, are you?' " *Id.* at 718 (quoting transcript). On review, the Court of Appeals remarked that such a question

---

[2] Hi-Tech argues for the first time in its supplemental brief that Salas failed to preserve error with regard to ER 403 because Salas' motion in limine was based on ER 401. However, the purpose of the error preservation requirement is to allow the trial court an opportunity to correct the error by bringing it to the court's attention. *State v. Fagalde*, 85 Wn.2d 730, 731, 539 P.2d 86 (1975). Here, it is clear that the trial court addressed prejudice in determining the admissibility of Salas' immigration status. RP (May 15, 2006) at 28. Additionally, at the Court of Appeals, Hi-Tech did not argue that Salas had failed to preserve error, and the court reached the ER 403 issue in its opinion. We conclude that the ER 403 issue is properly before us.

was "grossly improper." *Id.* While the court ultimately based its holding on the fact that immigration status was completely irrelevant to the criminal issue at hand, it recognized that "[q]uestions regarding a defendant's immigration status are . . . designed to appeal to the trier of fact's passion and prejudice." *Id.* at 719.

¶19 The Court of Appeals is not alone in finding immigration status prejudicial. The Supreme Court of Wisconsin has stated that the admission of immigration status has "obvious prejudicial effect." *Gonzalez v. City of Franklin*, 137 Wis. 2d 109, 140, 403 N.W.2d 747 (1987). A California trial court described the risk by explaining that some jurors " 'feel that anyone that comes into this fine country illegally, even for the motive of working' " is " 'running the risk of getting injuries. He's running a risk of getting injured on any job [and] if he is injured outside the system. Tough. That's [his] problem.' " *Hernandez v. Paicius*, 109 Cal. App. 4th 452, 457, 134 Cal. Rptr. 2d 756 (2003) (quoting transcript), *overruled on other grounds by People v. Freeman*, 47 Cal. 4th 993, 222 P.3d 177, 103 Cal. Rptr. 3d 723 (2010).

¶20 We recognize that immigration is a politically sensitive issue. Issues involving immigration can inspire passionate responses that carry a significant danger of interfering with the fact finder's duty to engage in reasoned deliberation. In light of the low probative value of immigration status with regard to lost future earnings, the risk of unfair prejudice brought about by the admission of a plaintiff's immigration status is too great. Consequently, we are convinced that the probative value of a plaintiff's undocumented status, by itself, is substantially outweighed by the danger of unfair prejudice.

■ ¶21 Hi-Tech urges us to adopt the Court of Appeals' reasoning. The Court of Appeals concluded that, generally, the prejudicial effect of admitting immigration status substantially outweighs its probative value, but it concluded that the trial court in this case had not abused its discretion because the issue of Salas' immigration status arose late and the court was not provided sufficient relevant authority

on the issue. We find this reasoning unpersuasive. Our standard for determining abuse of discretion is whether the court's decision "is manifestly unreasonable or based upon untenable grounds or reasons." *Stenson*, 132 Wn.2d at 701. We should not permit untenable decisions to stand merely because the parties failed to adequately brief the court. We are sympathetic to busy trial courts that must rely on the authority provided to them, but just because an error is understandable does not mean it is excusable. Because we conclude that, with regard to lost future earnings, the probative value of immigration status, by itself, is substantially outweighed by its risk of unfair prejudice, the trial court's decision to the contrary is based on untenable reasons. Therefore, the trial court's decision is an abuse of discretion.

¶22 In its supplemental brief, Hi-Tech urges us to find that any error in admitting evidence of Salas' immigration status is harmless. However, where there is a risk of prejudice and "no way to know what value the jury placed upon the improperly admitted evidence, a new trial is necessary." *Thomas v. French*, 99 Wn.2d 95, 105, 659 P.2d 1097 (1983). We find the risk of prejudice inherent in admitting immigration status to be great, and we cannot say it had no effect on the jury. Consequently, we cannot hold that it was harmless to admit Salas' status, and we conclude that Salas is entitled to a new trial.

¶23 The Court of Appeals did not reach Hi-Tech's issues on cross appeal because it affirmed the trial court on the immigration status issue. We decline to reach those issues as they were not addressed in the petition for review, and we have not had the benefit of oral argument. Because Hi-Tech's issues on cross appeal must be resolved before a new trial, we remand to the Court of Appeals.

## IV. CONCLUSION

¶24 We hold that, with regard to lost future earnings, the probative value of a plaintiff's undocumented status, by

itself, is substantially outweighed by the danger of unfair prejudice. Therefore, the trial court's decision to admit evidence of Salas' immigration status was an abuse of discretion. We reverse the Court of Appeals and remand to that court to resolve Hi-Tech's issues on cross appeal.

MADSEN, C.J., and C. JOHNSON, SANDERS, CHAMBERS, OWENS, and STEPHENS, JJ., concur.

¶25 ALEXANDER, J. (dissenting) — The majority properly concludes that evidence of Alex Salas' immigration status met the ER 401 relevance standard on the issue of Salas' claim for lost future earnings. Nevertheless, it reverses the Court of Appeals' decision affirming the trial court's admission of that evidence, concluding that the probative value of this evidence was outweighed by the danger that it would unfairly prejudice the party against whom it was offered.

¶26 A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. The majority concedes that point, as well as the principle that a trial court abuses its discretion only when its decision is manifestly unreasonable or based upon untenable grounds or reasons. Majority at 668. Although another trial judge here might have declined to admit evidence of Salas' immigration status, I cannot say that the trial court's decision to admit it was manifestly unreasonable or based on untenable grounds. Neither can I say that it was a decision that no reasonable judge would have made. *See In re Pers. Restraint of Duncan*, 167 Wn.2d 398, 402, 219 P.3d 666 (2009). Thus, I believe that we should affirm the courts below. Because the majority reaches the opposite conclusion, I dissent.

J.M. JOHNSON, J., concurs with ALEXANDER, J.