IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| CHARLES F. SMITH and BARBARA DUSZYNSKA, husband and wife, | No.  46434-9-II |
| Appellants, | |
| v. | |
| LLOYD ROOSEVELT REICH and JOYCE REICH, husband and wife, | UNPUBLISHED OPINION |
| Respondents. | |

JOHANSON, C.J. — Charles Smith and Barbara Duszynska (collectively "Smith") appeal a superior court ruling granting summary judgment in favor of Lloyd and Joyce Reich (Reich) regarding issues arising from a property dispute.  Smith makes a single assignment of error on appeal:  that the superior court abused its discretion by declining Smith's request for a CR 56(f) continuance.  We hold that the trial court did not abuse its discretion when it denied Smith's motion for continuance because Smith ignored the requirements of CR 56(f) and because the superior court did not have to consider hypothetical facts before ruling on a motion for summary judgment. We affirm.

FACTS

Smith and Reich are neighboring landowners.  In 1981, the parties' respective predecessors in interest executed a "Water System Easement and Agreement" (the Agreement), which provided

that the two parcels would share equal access to water in a drilled well system. The parties' dispute arises primarily out of this Agreement.

Smith filed a civil complaint against Reich in February 2012. Smith's complaint alleged causes of action for breach of contract and encroachment. Smith believed that Reich had breached the Agreement by using excessive water from the shared well and by failing to install a separate electrical metering system for the well's pump. Smith sought damages and orders compelling Reich to take certain other actions related to the well.

Shortly after the well dispute began initially, Reich built a fence along a common boundary line that was determined by a surveyor whom Smith had hired to encroach onto Smith's property by 0.20 feet. Reich's own surveyor, Kenneth Hoffman, determined that no encroachment existed. But Reich, wishing to keep the peace, moved the section of fence that allegedly encroached approximately four inches closer to their property.

Reich moved for summary judgment in January 2014, nearly two years after Smith filed their complaint.[1] Attached to the motion were affidavits from Reich and two others. Smith filed no response to Reich's motion for summary judgment. Smith did, however, file a motion for leave to amend his complaint the week before the summary judgment hearing. The proposed amended complaint added no new cause of action; it merely clarified the existing action and added citation to legal authority. The superior court held a hearing on Reich's summary judgment motion on March 13.

There, the following pertinent exchanges occurred:

---

[1] Reich filed simultaneous motions for summary judgment and for CR 12(b)(6) dismissal.

[THE COURT]: Okay. All right. Let's take the Summary Judgment Motion first. I noticed that you did not file any response to the Motion for Summary Judgment?

[SMITH]: I have not filed anything sir. I have issued a Subpoena to the Defendants to testify and to bring discovery materials.

[THE COURT]: Okay. You are familiar with these rules I know because you cite them continuously in your pleadings?

[SMITH]: Yes sir.

[THE COURT]: Yet you did not fulfill the most basic dictate of Summary Judgment rule. Did you not read that? You have to file a response and you did not file a response and I cannot treat you in oth – in any other way than as an attorney.

[SMITH]: May I cite rule 15(a) where:

> *"When justice so requires leave to amend complaint will be freely granted"?*

[THE COURT]: And that – that has nothing to do with Summary Judgment.

[SMITH]: If Summary Judgment were based upon the Amended Complaint I believe there is evidence and case history – pardon me – case history cited that would –

. . . .

[THE COURT]: Okay. Why did you not comply with [CR 56] is my basic question?

[SMITH]: On the premise that 15(a) – under 15(a) the Amended Complaint will be – leave will be granted and the evidence – the attachments in that Amended – proposed Amended Complaint and denoted as such I believe are fundamental to the case.

Report of Proceedings (RP) at 3-4.

[SMITH]: Thank you sir. But I don't want to put a claim to that and may I ask for a continuance?

[THE COURT]: Well – Motion for continuance is on the table.

[REICH]: I'd like to proceed forward on the Motion for Summary Judgment which was served on Defendant – or served on the Plaintiffs January 31st.

RP at 10.

The court briefly discussed other issues before ruling it would grant Reich's motion for summary judgment. The court also denied Smith's reconsideration motion. Smith appeals from the summary judgment order.

ANALYSIS

CR 56(F) CONTINUANCE

Smith contends that the superior court abused its discretion by failing to grant a continuance under CR 56(f). Smith makes two arguments. First, they argue that the superior court erred by failing to exercise its discretion. Second, they argue that the rules permit the court to consider hypothetical facts. We disagree.

CR 56(f) provides,

> **When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

We review a trial court's denial of a CR 56(f) motion for abuse of discretion. *Pitzer v. Union Bank of Cal.*, 141 Wn.2d 539, 556, 9 P.3d 805 (2000). A trial court abuses its discretion when its decision "'is manifestly unreasonable or based upon untenable grounds or reasons.'" *Salas v. Hi-Tech Erectors*, 168 Wn.2d 664, 668-69, 230 P.3d 583 (2010) (quoting *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997)).

"A court may deny a motion for a continuance when '(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact.'" *Tellevik v. Real Prop. Known as 31641 W. Rutherford St.*, 120 Wn.2d 68, 90, 838 P.2d 111 (1992) (quoting *Turner v. Kohler*, 54 Wn. App. 688, 693, 775 P.2d 474 (1989)). Denial of a continuance can be based on any one of the above three prongs. *Pelton v. Tri-State Mem'l Hosp., Inc.*, 66 Wn. App. 350, 356, 831 P.2d 1147 (1992).

First, Smith argues that the trial court never ruled on their motion for continuance. But the trial court knew of the motion as it mentioned on the record that the "[m]otion for continuance is on the table." RP at 10. The court, having just heard Smith's motion to continue the summary judgment hearing, nonetheless denied their motion indirectly by immediately granting Reich's motion for summary judgment. We conclude that the trial court implicitly exercised its discretion and denied Smith's motion.

To the extent that they argue that the superior court abused its discretion by denying their motion, Smith's argument fails because Smith violated CR 56(f). They filed no written request for a continuance. They provided no affidavit setting forth reasons the delay is necessary, why they could not have presented facts to justify their opposition, or what evidence would be established through additional discovery. CR (56)(f). They failed to offer a good reason for the requested delay considering that the summary judgment motion was filed nearly two years after Smith filed their complaint.

Second, Smith argues that the superior court could, and therefore should have, considered whether hypothetical facts existed to preclude summary judgment. We disagree. Smith cites *Brown v. MacPherson's, Inc.*, 86 Wn.2d 293, 297, 545 P.2d 13 (1975), to support that proposition, but *Brown* involved a trial court's ruling under CR 12(b)(6), whereas the superior court here granted Reich's motion for summary judgment and also dismissed Smith's claims under CR 12(b)(6). CR 12(b)(6) does permit courts to consider hypothetical facts, *Bravo v. Dolsen Cos.*, 125 Wn.2d 745, 750, 888 P.2d 147 (1995), but CR 56 does not. In any event, the court's findings under that rule here were superfluous. And because the superior court considered at least the

5

No. 46434-9-II

affidavits filed by Reich, the original CR 12(b)(6) motion would have become one for summary judgment because the court considered matters outside the pleadings. CR 12(b).

In conclusion, because Smith did not satisfy CR 56(f) and because the superior court did not have to consider hypothetical facts before ruling on a motion for summary judgment, we hold that the superior court's decision not to grant Smith a continuance was not manifestly unreasonable or based on untenable grounds or reasons. The trial court properly exercised its discretion when it denied Smith's continuance motion.

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

WORSWICK, J.

MELNICK, J.

6