# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | |
|---|---|---|
| | ) | No. 73593-4-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ADAN MANUEL CORTES-GONZALEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 3, 2016 |

SPEARMAN, J. — Absent a manifest abuse of discretion, we will not disturb a trial court's decision to admit evidence. Adan Cortes-Gonzalez appeals his conviction of one count each of second and fourth degree assault. He argues that the trial court abused its discretion and violated his right to a fair trial by admitting a photograph taken at the scene of the crime. Because the trial court's decision to admit the photograph was not manifestly unreasonable, we affirm.

## FACTS

Many people were on the shore of the Snoqualmie River on a sunny summer afternoon. Cortes-Gonzalez and his wife were at the river taking photos. Michael Noonan was helping his granddaughter, Maeva Nolan, carry a kayak from the parking area to the river.

Cortes-Gonzalez believed that the kayak struck his wife and he yelled at Noonan. Noonan denied hitting anyone and told Cortes-Gonzalez to leave them

alone. The dispute escalated into a physical altercation in which Noonan sustained significant injuries. Bystanders called the police and indicated that Cortes-Gonzalez was the instigator. Cortes-Gonzalez was arrested and charged with one count each of second and fourth degree assault.

At trial, Noonan, Nolan, and two witnesses testified for the State. They each stated that a man approached Noonan, threw the first punch, held Noonan down and hit him while he was in the water, punched Nolan, and kicked Noonan when he tried to get up. One of the State's witnesses identified Cortes-Gonzalez in court as the man involved in the fight. Noonan stated that he did not get a good look at the person who hit him. Nolan described the aggressor as a big man with black hair. Another witness described the person involved as a large man in a red shirt.

The State submitted into evidence a video taken by one of the witnesses. The video does not show the beginning of the fight but is otherwise consistent with the events described by the State's witnesses. In the video, which was taken from about 40 feet away, the aggressor appears to be a man with dark hair wearing khaki shorts and a maroon shirt with a distinctive logo. Over Cortes-Gonzalez's objection, the trial court also admitted a photograph taken at the scene of the crime. The photograph, which was taken from only a few feet away, shows Cortes-Gonzalez wearing khaki shorts and a maroon shirt with a distinctive logo.

Cortes-Gonzalez's wife testified that Noonan provoked her husband, threw the first punch, and hit Cortes-Gonzalez repeatedly during the fight. She stated

that Cortes-Gonzalez did not hit Nolan and she did not see him kick Noonan. In closing argument, Cortes-Gonzalez argued that he struck Noonan and Nolan in self-defense.

The jury convicted Cortes-Gonzalez as charged. He appeals.

DISCUSSION

Cortes-Gonzalez argues that the trial court erred in admitting the photograph taken at the scene of the crime. We review a trial court's evidentiary decisions for abuse of discretion. State v. Finch, 137 Wn.2d 792, 810, 975 P.2d 967 (1999). The trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. Id. (citing State v. Stenson, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997)). A decision is manifestly unreasonable if it "'adopts a view that no reasonable person would take.'" Salas v. Hi-Tech Erectors, 168 Wn.2d 664, 669, 230 P.3d 583 (2010) (quoting In re Pers. Restraint of Duncan, 167 Wn.2d 398, 402-03, 219 P.3d 666 (2009)).

In general, evidence is admissible if it is relevant. ER 402. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. ER 401. But relevant evidence may be excluded if it poses a danger of unfair prejudice that substantially outweighs its probative value. Stenson, 132 Wn.2d at 702 (citing ER 403). Evidence may be unfairly prejudicial when it excites an emotional rather than a rational response or when it promotes erroneous inferences. City of Auburn v. Hedlund, 165 Wn.2d 645, 654-55, 201 P.3d 315 (2009) (citations omitted). The trial court has broad discretion in

3

weighing the probative value versus the unfair prejudice of evidence. Stenson, 132 Wn.2d at 702 (citing State v. Rivers, 129 Wn.2d 697, 710, 921 P.2d 495 (1996)).

At trial, the State offered a photograph into evidence to establish identity and prove that Cortes-Gonzalez was the man in the video. In the photo, Cortes-Gonzalez is standing near the river in front of an ambulance. He is wearing khaki shorts and a maroon shirt. His hands are behind his back. A person wearing a dark shirt, khaki pants, and what appears to be a gun in a belt holder is partially visible. The person is standing one to two feet behind and to the side of Cortes-Gonzalez.

Cortes-Gonzalez objected that the photo was unfairly prejudicial because it was taken at the time of his arrest. He also questioned the photo's relevance. The trial court rejected Cortes-Gonzalez's arguments and admitted the photo. The trial court ruled that, since the State had the burden to prove identity and neither of the victims identified Cortes-Gonzalez, the photo was relevant to identity. The court noted that the photo did not depict Cortes-Gonzalez with police officers or police cars.

On appeal, Cortes-Gonzalez asserts that the photograph should have been excluded under ER 403 because it posed a danger of unfair prejudice that substantially outweighed its probative value. He argues that the photograph was unfairly prejudicial because it shows him standing in front of an ambulance with his hands behind his back and a person who appears to be an armed police

officer standing nearby. Relying on State v. Rivers, 129 Wn.2d 697, 921 P.2d 495 (1996), Cortes-Gonzalez also argues that the photograph was not relevant.

In Rivers, the trial court admitted a booking photograph of the defendant. Id. at 710. The trial court ruled that defense counsel had indicated in opening argument that identity would be at issue and the photo was relevant to that issue. Id. The trial court also ruled that any prejudice was minimal since the jury knew the defendant had been arrested. Id. at 711. The Supreme Court upheld the ruling. Id. at 712.

Cortes-Gonzalez argues that in this case, unlike Rivers, defense counsel did not indicate that he intended to challenge identity. He argues that, because of this distinction, identity was not at issue in the present case and the photo was not relevant. He is mistaken.

Rivers does not stand for the proposition that evidence is only relevant to establish identity in the circumstances of that case. Rather, Rivers illustrates the proper inquiry for determining whether evidence is admissible under ER 403. Like the Rivers court, the trial court in this case considered whether the evidence was relevant and weighed its relevance against the danger of unfair prejudice.

In this case, the trial court concluded that the photograph was relevant because the State had the burden of proving identity and neither of the victims had identified Cortes-Gonzalez. The trial court also considered the risk of unfair prejudice and noted that there are no police cars or uniformed police officers in the photo. The trial court's decision is based on proper grounds. And the decision is not manifestly unreasonable because a reasonable person could conclude that

any danger of unfair prejudice from the photograph did not substantially outweigh its relevance. There was no abuse of discretion.

Furthermore, even if the trial court erred, the error was harmless. An erroneous decision to admit evidence is grounds for reversal only if, within reasonable probabilities, the error materially affected the outcome of the trial. State v. Everybodytalksabout, 145 Wn.2d 456, 468–69, 39 P.3d 294 (2002) (citing State v. Bourgeois, 133 Wn.2d 389, 403, 945 P.2d 1120 (1997)). To assess whether the error was harmless, we measure the admissible evidence of Cortes-Gonzalez's guilt against the prejudice, if any, caused by the photograph. Bourgeois, 133 Wn.2d at 403. Measuring the testimony of the State's witnesses and the video evidence against any prejudicial effect from the photograph, we conclude that it is not reasonably probable that the outcome of the trial would have been different had the photo not been admitted.

Affirmed.

Spearman, J

WE CONCUR:

Becker, J.