# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| HOPE EILEEN GULLIEN and JESSICA NORRIS, | No. 57886-7-II |
| Respondents, | |
| v. | |
| THOMAS LEE SAUERS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Thomas L. Sauers appeals the entry of a sexual assault protection order (SAPO) against him for allegedly inappropriately touching H.G., a six-year-old girl, over the course of three days in June 2022. Sauers argues that insufficient evidence exists to support the trial court's conclusion that he engaged in nonconsensual sexual conduct with H.G. We affirm.

## FACTS

A.    BACKGROUND

Sauers and his wife, Regina Sauers,[1] are co-owners of Freedom Martial Arts Academy (Academy). The Academy operates several programs for children starting at age four, including an annual summer camp. Sauers met H.G. in 2019 through H.G.'s father's girlfriend, Jessica Degner.

---

[1] Because both Thomas and Regina share the same last name, this opinion will refer to Regina Sauers as Regina to avoid confusion. No disrespect is intended.

H.G.'s mother is Jessica Norris. H.G.'s parents share custody of H.G., and H.G. spends every other week with each parent. H.G. began attending the Academy in 2021.

In June 2022, H.G., then six years old, attended the Academy's summer camp. The camp ran Mondays through Fridays. From June 28 through July 1, Degner dropped H.G. off at Sauers' home, and Sauers would take H.G. to the Academy for summer camp.

B.    DISCLOSURE AND SUBSEQUENT INVESTIGATION

On July 4, H.G. told Norris that she needed to tell Norris something and that "it was bad." Verbatim Rep. of Proc. (VRP) at 19. H.G. told Norris that on three days, or three times, in the prior week, Sauers had "touched her privates" inside her pants and on the third day or time, had H.G. touch his penis. VRP at 20. According to Norris, H.G.'s disclosure was unprompted.

Norris immediately called H.G.'s father and informed him of what H.G. had disclosed. H.G.'s father told Norris to come to his home so they could talk. When Norris and H.G. got there, H.G. repeated her account of what happened with Sauers. H.G.'s father asked for additional details, and H.G. stated that she and Sauers were in the bathroom at the Academy and she had been sitting on Sauers' lap. Sauers allegedly "slipped his hand under her panties and touched her privates and was moving around." VRP at 35. Sauers told H.G. to "just relax." VRP at 35. According to H.G.'s father, H.G. had a "[s]omewhat scared" demeanor when she related her story. VRP at 35.

H.G.'s father tried to call Sauers, who did not pick up. H.G.'s father then exchanged texts with Sauers, told Sauers what H.G. had said, and stated that they needed to talk. Sauers did not immediately deny the allegation in his text exchange with H.G.'s father. Instead, Sauers wrote,

2

"'Where do you want to meet.'" Ex. 2, at 39. Sauers drove over to H.G.'s father house, and H.G.'s father met Sauers outside. Sauers denied H.G.'s allegations.

Norris contacted law enforcement.

On July 27, the Child Advocacy Center (CAC) conducted a forensic interview with H.G. Neither Norris nor H.G.'s father were present for the interview. H.G. told the forensic interviewer that Sauers had put his hand inside H.G.'s pants and panties while Sauers and H.G. were cleaning the bathroom at the Academy; that [Sauers] was "digging in" with his hand and "rubbing her vagina"; that H.G. was on Sauers' lap and he told H.G. "to relax." Clerk's Papers (CP) at 57.

H.G. also underwent a medical evaluation. H.G. had a "normal physical and genital examination." Ex. 1, at 15. The evaluation concluded:

> The findings on examination are reassuring, however, it is important to note that much of sexual abuse does not leave visible injury so the presence of a normal examination does not mean that sexual abuse could not have occurred. A normal examination simply means that if sexual abuse did occur, it has not caused damage or injury to her body that is visible on today's examination.

Ex. 1, at 15.

In October 2022, the Pierce County Prosecuting Attorney's Office notified Sauers that it decided against filing any felony or misdemeanor charges against him.

C.     PETITION AND HEARING

In August 2022, Norris filed a petition on behalf H.G. for a sexual assault protection order (SAPO) against Sauers. The petition stated in part:

> [H.G.] said that she was inappropriately touched by [Sauers,] a family friend and instructor. Mr. Sauers touched [H.G.]'s private parts multiple times in the course of three days (June 28th, 29th and 30th.) All of these incidents happened at the Freedom Martial Arts academy. [H.G.] stated that Mr. Sauers touched her vagina and petted the outside and also inserted his fingers inside her vagina. Another time

3

he took her into the bathroom where he placed her hand on his private parts and made her rub him. He just told her to relax and told her to keep rubbing his privates.

CP at 16. The trial court granted a temporary protection order the same day and set a hearing date.

The SAPO petition hearing took place in January 2023.[2] Several witnesses testified, including Norris, H.G.'s father, Degner, Sauers, and Regina. H.G. did not testify.

Prior to witness testimony, H.G.'s counsel requested the trial court exclude any references to whether Sauers had been charged with a crime. The trial court noted that it could not deny a petition based on whether the conduct was reported to law enforcement; therefore, whether or not charges were filed against Sauers had no relevance in the proceeding. The trial court further stated:

> I'm not going to exclude it, but I will tell the parties that in my judgment it can't go even into the column that I can consider in terms of a quantum of evidence one way or the other. So I am to ignore irrelevant evidence. I guess I will be ignoring that irrelevant evidence.

VRP at 9.

At the conclusion of testimony, the trial court granted the petition and entered a SAPO for one year. The trial court reasoned that under RCW 7.105.225, the conduct described in the petition met the definition of nonconsensual sexual conduct and it listed the reasons a petition could not be denied or dismissed. The trial court further stated:

> Here a report was made to a parent within days of the event actually being alleged to have occurred or the events alleged to have occurred. The allegation through the initial disclosure appears to me to be uncoerced and unprompted. The response to the disclosure by her parents appear[s] to be appropriate. I am hard pressed to believe that parents would willingly subject their child to follow up that comes with such a disclosure. It happens, but certainly it does not appear to me that that happened here. The disruption to the life of this family together with the

---

[2] The original hearing was set for September 2022. However, the hearing date was continued three times.

invasion required for the forensic interview and physical exam all seem an extreme reaction to any sort of artificial or nonexistent event.

Here the petitioner on behalf of [H.G.] alleges that the incident occurred at Freedom Martial Arts Academy before the school opened when the only persons present were [Sauers], [H.G.], and [L.]; two children. I find that the disclosure by [H.G.] was credible and consistent. I understand why a case might not be considered chargeable as a crime due to the criminal burden of proof beyond a reasonable doubt, but that's not the burden that I'm required to apply.

I find that the testimony of all the non-party witnesses to also be credible. By saying that, I suppose that means that I find the credibility of the respondent lacking. Unlike the petitioner, there were witnesses who could have been called to corroborate his version of events, especially with regard to timing had they been called.

VRP at 149-50.

Sauers appeals.

ANALYSIS

A.    PRELIMINARY MATTERS

In her brief, Norris makes "objections" to purportedly improper references to evidence not admitted at the SAPO petition hearing. Br. of Resp't at 6. Specifically, Norris objects to the portion of the record that shows that Sauers was not charged with any crimes because the "trial court specifically excluded any reference" to that fact and asks that this reference be stricken and not considered. Br. of Resp't at 7. Additionally, Norris objects to an amended declaration, filed November 18, 2022, that Sauers submitted to the trial court, and which is referenced in Sauers' briefing before this court, because the amended declaration "was neither brought to the trial court's attention nor is there any evidence the trial court considered it in rendering its ruling." Br. of Resp't at 7.

5

Regarding references as to whether Sauers was charged with a crime, the trial court did not exclude such references. Instead, the trial court stated: "I'm not going to exclude it, but I will tell the parties that in my judgment it can't go even into the column that I can consider in terms of a quantum of evidence one way or the other. So I am to ignore irrelevant evidence." VRP at 9. Because the trial court did not exclude the reference, and instead chose to not consider it, there is no basis for this court to strike the references from the record. Moreover, under RAP 17.4(d), "[a] party may include in a brief only a motion which, if granted, would preclude hearing the case on the merits." Therefore, to the extent that Norris' objection was a motion to strike, and because non-dispositive motions cannot be raised in a party's brief, Norris' motion was improper. We decline to strike the reference to whether Sauers was charged with a crime.

As to Norris' challenge to Sauers' amended declaration filed November 18, 2022, Norris claims that Sauers' amended declaration was not admitted as an exhibit and should not be considered. However, the record contains several declarations, including the original declaration from Sauers and a declaration from Regina, among others, all of which were filed at the trial court on November 17, 2022. There appears to be minimal, if any, difference between Sauers' original declaration and his amended declaration.

And although there were no declarations admitted as exhibits during the SAPO petition hearing, such hearings "may be conducted upon the information provided in the sworn petition, live testimony of the parties should they choose to testify, and any additional sworn declarations." RCW 7.105.200(5). However, the extent to which the trial court relied on any declaration cannot be determined from the record. Regardless, the testimony at the SAPO petition hearing echoed

the contents of the declarations, and Sauers' amended declaration filed on November 18 is not needed to resolve this appeal.

Also, again, to the extent that Norris' objection is a motion to strike, it is improperly raised in a response brief. RAP 17.4(d). Therefore, we decline addressing Norris' challenge to Sauers' amended declaration filed on November 18.

B.    SUFFICIENCY OF THE EVIDENCE

Sauers argues that "no evidence supports the trial court's conclusion that [he] engaged in nonconsensual sexual conduct with a child." Br. of Appellant at 12. Specifically, Sauers asserts that H.G. was not "'credible and consistent'" and that there was undisputed evidence that H.G. had a history of "'lying'" and "'making up stories.'" Br. of Appellant at 14. We disagree.

1.    Legal Principles

Victims of unwanted sexual contact may seek civil protection orders against the perpetrator. RCW 7.105.100(1)(b); *DeSean v. Sanger*, 2 Wn.3d 329, 331, 536 P.3d 191 (2023). A petitioner for a SAPO must allege "the existence of nonconsensual sexual conduct or nonconsensual sexual penetration that was committed against the petitioner by the respondent." RCW 7.105.100(1)(b).

Sexual conduct includes:

> (a) Any intentional or knowing touching or fondling of the genitals, anus, or breasts, directly or indirectly, including through clothing;
> (b) Any intentional or knowing display of the genitals, anus, or breasts for the purposes of arousal or sexual gratification of the respondent;
> (c) Any intentional or knowing touching or fondling of the genitals, anus, or breasts, directly or indirectly, including through clothing, that the petitioner is forced to perform by another person or the respondent;
> (d) Any forced display of the petitioner's genitals, anus, or breasts for the purposes of arousal or sexual gratification of the respondent or others;

(e) Any intentional or knowing touching of the clothed or unclothed body of a child under the age of 16, if done for the purpose of sexual gratification or arousal of the respondent or others; or

(f) Any coerced or forced touching or fondling by a child under the age of 16, directly or indirectly, including through clothing, of the genitals, anus, or breasts of the respondent or others.

RCW 7.105.010(32). "'Nonconsensual' means a lack of freely given consent." RCW 7.105.010(26).

A court shall issue a protection order if it finds by a preponderance of the evidence "that the petitioner has been subjected to nonconsensual sexual conduct or nonconsensual sexual penetration by the respondent." RCW 7.105.225(1)(b). Additionally, a court may not dismiss or deny a petition based on any of the following grounds:

(a) The petitioner or the respondent is a minor, unless provisions in this chapter specifically limit relief or remedies based upon a party's age;
(b) The petitioner did not report the conduct giving rise to the petition to law enforcement;
(c) A no-contact order or a restraining order that restrains the respondent's contact with the petitioner has been issued in a criminal proceeding or in a domestic relations proceeding;
(d) The relief sought by the petitioner may be available in a different action or proceeding, or criminal charges are pending against the respondent;
(e) The conduct at issue did not occur recently or because of the passage of time since the last incident of conduct giving rise to the petition; or
(f) The respondent no longer lives near the petitioner.

RCW 7.105.225(2). Further, a court may not require proof of physical injury. RCW 7.105.225(3).

Appellate courts review a trial court's decision to grant or deny a protection order for abuse of discretion. *Nelson v. Duvall*, 197 Wn. App. 441, 451, 387 P.3d 1158 (2017). A trial court abuses its discretion if its decision is based on untenable grounds or for untenable reasons. *Id.* A decision is based on untenable grounds "'if the trial court applies the wrong legal standard or relies on unsupported facts.'" *Id.* (internal quotation marks omitted) (quoting *Salas v. Hi-Tech Erectors*,

168 Wn.2d 664, 669, 230 P.3d 583 (2010)). In other words, "'the reviewing court must find no reasonable person would agree with the trial court's decision.'" *Prussak v. Prussak*, 27 Wn. App. 2d 451, 457-58, 536 P.3d 199 (2023) (quoting *Wood v. Milionis Constr., Inc.*, 198 Wn.2d 105, 128, 492 P.3d 813 (2021)). However, we defer to the trial court on the persuasiveness of the evidence and witness credibility. *Nelson*, 197 Wn. App. at 451.

### 2. Trial Court Did Not Abuse its Discretion

The parties do not dispute that H.G.'s allegations about Sauers' conduct, if true, would fall under the definition of nonconsensual sexual conduct under chapter 7.105 RCW. Further, the record shows that the trial court did not dismiss the petition based on H.G.'s age, whether she reported the conduct to law enforcement, or whether she sustained physical injury, in accordance with RCW 7.105.225. The issue before this court is whether H.G.'s testimony as told through her parents, as compared with Sauers' testimony, is sufficient to support the trial court's entry of the SAPO.

Sauers argues that H.G.'s allegations are "uncorroborated" and that the "weight of the evidence . . . makes it more probable than not that H.G. was lying about the incident." Br. of Appellant at 12-13. Sauers asserts that H.G.'s story changed over time and that neither Norris nor H.G.'s father disputed Sauers' contention that H.G. had had issues with lying or making up stories.

Sauers' arguments go entirely to his disagreement with the trial court's findings as to what evidence was persuasive and the trial court's credibility determinations. We do not reweigh the evidence nor do we review credibility determinations. *Nelson*, 197 Wn. App. at 451.

No. 57886-7-II

        The trial court plainly stated that it found "the credibility of [Sauers] lacking." VRP at 150. This case turned on the trial court's credibility determinations, and the trial court did not find Sauers credible. We do not disturb that finding. Therefore, we affirm.

        A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Cruser, C.J.

_____
Price, J.

10