# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DAMIA Y. BJURLING, | No. 59733-1-II |
| Appellant, | |
| v. | |
| JULES J. FORBES, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. — Damia Y. Bjurling appeals the superior court's orders denying her motion to modify the protection order she obtained restraining Jules J. Forbes and denying her motion for a contempt hearing. The superior court did not abuse its discretion. Accordingly, we affirm.

## FACTS

In October 2023, the superior court entered a protection order prohibiting Forbes from contacting Bjurling and requiring Forbes to stay 500 feet away from Bjurling and Bjurling's residence.[1] VRP 5-6. On November 27, 2023, Bjurling filed a motion to modify the protection order, claiming continued harassment by Forbes through a third party and requesting "mental health services" due to concerns over Forbes' conduct. CP at 2. The motion was based on a social media messages between Forbes and a third party. In the messages, Forbes asked the third party for advice regarding the protection order; Forbes did not ask the third party to contact Bjurling.

---

[1] Bjurling has failed to designate the actual protection order as part of the record on appeal. However, the record contains a September 2024 order renewing the October 2023 order.

On December 4, the superior court continued the hearing on Bjurling's motion to modify the protection order to December 18.

On December 13, Bjurling filed a motion for a contempt hearing. The motion for a contempt hearing was based on a prior protection order violation and a message Bjurling received from a third party letting her know where Forbes had sent copies of the declaration Forbes wrote in response to Bjurling's motion to modify the protection order.

At the December 18 hearing, the superior court found that there was no basis for modifying the protection order:

> All right. I'm going to deny the request to modify this.
> The only thing that has happened is that she got you the response to you had asked for [sic], so you wouldn't be surprised by it.
> The fact that she has a conversation with somebody that gets communicated to you, that that person chooses to give you, and that somehow that offends you, is not a violation of the order. It's certainly not a basis to modify the order.

Verbatim Rep. of Proc. at 10. The superior court denied the motion to modify the protection order. The superior court also denied the motion for a contempt hearing.

Bjurling appeals.

ANALYSIS

Bjurling raises two issues on appeal: the superior court erred by denying her motion to modify the protection order and the superior court erred by denying her motion to hold a hearing on contempt.[2] We disagree.

---

[2] Bjurling also argues that the superior court's decision has allowed Forbes to violate her constitutional rights as well as several statutes. However, these arguments are raised for the first time on appeal, and, therefore, we decline to address them. RAP 2.5(a).

A.    DENIAL OF MOTION TO MODIFY

Bjurling argues that the superior court erred by denying her motion to modify the protection order because Forbes' communication with a third party violated the protection order.

RCW 7.105.500(1) allows the superior court to modify the terms of an existing protection order. We review the superior court's decisions under RCW 7.105.500 for an abuse of discretion. *Sullivan v. Schuyler*, 31 Wn. App. 2d 791, 804, 556 P.3d 157 (2024). "'A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons.'" *Id*. (quoting *Fowler v. Fowler*, 8 Wn. App. 2d 225, 234, 439 P.3d 701 (2019)). "'A decision is based on untenable grounds or for untenable reasons if the trial court applies the wrong legal standard or relies on unsupported facts.'" *Id*. (internal quotation marks omitted) (quoting *Salas v. Hi-Tech Erectors*, 168 Wn.2d 664, 669, 230 P.3d 583 (2010)).

Here, the protection order prohibited Forbes from contacting Bjurling. The superior court determined that there were no grounds for modifying the protection order because, although Forbes referenced Bjurling in a conversation with a third party, Forbes did not attempt to communicate with Bjurling through the third party. The superior court's decision was not untenable. Therefore, the superior court did not abuse its discretion in denying Bjurling's motion to modify the protection order.

B.    DENIAL OF MOTION FOR A CONTEMPT HEARING

Bjurling argues that the superior court erred by denying her motion to set a contempt hearing because Forbes directly communicated with her by mail and had a third party send her a message.

We review the superior court's orders on contempt for an abuse of discretion. *In re Marriage of Eklund*, 143 Wn. App. 207, 212, 177 P.3d 189 (2008). The superior court abuses its

discretion if its decision is based on untenable grounds or untenable reasons. *Id.* "Intentional disobedience of any lawful court order is contempt of court." *Gronquist v. Dep't of Corr.*, 196 Wn.2d 564, 569, 475 P.3d 497 (2020).

Here, the only thing that Forbes mailed to Bjurling was Forbes' response to Bjurling's motion to modify the protection order. And the third-party communication was to inform Bjurling where Forbes had left a copy of the response in case she mailed the response to the wrong place. Because the only communication with Bjurling was to serve Bjurling with Forbes' response to Bjurling's motion to modify the protection order, the superior court did not abuse its discretion by denying Bjurling's motion to set a contempt hearing.

We affirm the superior court's orders denying Bjurling's motions to modify the protection order and to set a contempt hearing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Veljacic, A.C.J.

_____
Price, J.

4